ATTORNEYS FOR PETITIONER:
**MICHAEL N. RED**
**SANDRA K. BICKEL**
MORSE & BICKEL, P.C.
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**JESSICA E. REAGAN**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

ATTORNEYS FOR AMICUS CURIAE:
**PAUL M. JONES, JR.**
**MATTHEW J. EHINGER**
INDIANA ASSOCIATION FOR COMMUNITY ECONOMIC
DEVELOPMENT, INC.
Indianapolis, IN

FILED
Sep 04 2014, 3:15 pm
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# INDIANA TAX COURT

| | |
|---|---|
| HOUSING PARTNERSHIPS, INC., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 49T10-1005-TA-23 |
| | ) |
| TOM OWENS, BARTHOLOMEW COUNTY ASSESSOR, | ) |
| | ) |
| Respondent. | ) |

## ORDER ON PETITIONER'S PETITION FOR REHEARING

**FOR PUBLICATION**
**September 4, 2014**

WENTWORTH, J.

On June 4, 2014, the Court issued an opinion in Housing Partnerships, Inc. v.

Tom Owens, Bartholomew County Assessor, 10 N.E.3d 1057 (Ind. Tax Ct. 2014),

holding that Housing Partnerships failed to show that its rental properties qualified for the charitable purposes exemption under Indiana Code § 6-1.1-10-16 for the 2006 tax year. See Housing P'ships, Inc. v. Owens, 10 N.E.3d 1057, 1059 (Ind. Tax Ct. 2014). Housing Partnerships now requests the Court to reverse that decision. The Court denies its request.

## ANALYSIS

In its Petition for Rehearing, Housing Partnerships acknowledges that eligibility for the charitable purposes exemption requires a showing that 1) it owned, occupied, and used its property for purposes that relieve human want by acts different than the everyday activities of man, and 2) its activities benefit the public sufficiently to justify the loss of tax revenue. (See Pet'r Br. Supp. Pet. Reh'g ("Pet'r Br.") at 1.) Housing Partnerships asks for a reversal, however, claiming the Court not only failed to recognize the substantial evidence that demonstrated its activities relieve the government of a burden it would otherwise bear, but also misconstrued the holding in Jamestown Homes of Mishawaka, Inc. v. St. Joseph County Assessor, 909 N.E.2d 1138 (Ind. Tax Ct. 2009), review denied. (See, e.g., Pet'r Br. at 4-5, 10-12.) Because Housing Partnerships advanced this same rationale as grounds to reverse the Indiana Board's final determination, the Court now clarifies why Housing Partnerships did not merit the exemption.

In its opinion, the Court recognized that Housing Partnerships provided substantial evidence to the Indiana Board demonstrating that it owned, occupied, and used its property to provide affordable housing and financial counseling to low-income residents of Bartholomew County. See Housing P'ships, Inc., 10 N.E.3d at 1061-62.

2

Nonetheless, the provision of low-income housing is not per se a charitable purpose, i.e., good and noble deeds alone do not satisfy the requirements for a charitable purposes exemption. See Tipton Cnty. Health Care Found., Inc. v. Tipton Cnty. Assessor, 961 N.E.2d 1048, 1052 (Ind. Tax Ct. 2012); Jamestown Homes of Mishawaka, Inc. v. St. Joseph Cnty. Assessor, 909 N.E.2d 1138, 1144 (Ind. Tax Ct. 2009), review denied. Evidence is still required that good deeds relieve the government of a cost it would otherwise bear, showing that Housing Partnerships engages in its activities to provide a public benefit not for private profit. See Tipton Cnty. Health Care Found., 961 N.E.2d at 1053 (distinguishing between an arrangement that is exempt because it was entered into for a public benefit not a profit motive); College Corner, L.P. v. Dep't of Local Gov't Fin., 840 N.E.2d 905, 910 (Ind. Tax Ct. 2006) (stating that "when a private organization takes on a task that would otherwise fall to the government, this provides a benefit to the community as a whole because it allows the government to direct its funds and attention to other community needs").

While Housing Partnerships laid out its good works, it made only conclusory statements about how those good works lessened government's financial burdens. See Housing P'ships, Inc., 10 N.E.3d at 1063. Moreover, Housing Partnerships failed to distinguish the government grants it received from those that defeated the exemption in Jamestown Homes. Id. at 1063-64. Housing Partnerships' failure to tie its good deeds to a public benefit is like holding out several pearls to admire as a necklace without actually stringing the pearls together. No matter how much the Court admires the good deeds done, it cannot make up for this failure and be the advocate.

3

**CONCLUSION**

Both in its original tax appeal and its Petition for Rehearing, Housing Partnerships used only conclusory statements to link the evidence of its good deeds to how its good deeds lessen governmental burdens. This is insufficient to show that it is entitled to a charitable purposes exemption for the 2006 tax year. Accordingly, the Court grants rehearing for the limited purpose of providing the above clarification and otherwise DENIES Housing Partnerships' Petition for Rehearing.

SO ORDERED this 4th day of September 2014.

_____
Martha Blood Wentworth
Judge, Indiana Tax Court

DISTRIBUTION:

Michael N. Red, Sandra K. Bickel, MORSE & BICKEL, P.C., 320 N. Meridian Street, Suite 506, Indianapolis, IN 46204;

Gregory F. Zoeller, Indiana Attorney General, By: Jessica E. Reagan, Deputy Attorney General, Indiana Government Center South, Fifth Floor, 302 West Washington Street, Indianapolis, IN 46204;

Paul M. Jones, Jr., Matthew J. Ehinger, ICE MILLER LLP, One American Square, Suite 2900, Indianapolis, IN 46282;

Indiana Board of Tax Review, 100 North Senate Avenue, Room N-1026, Indianapolis, IN 46204.