ATTORNEYS FOR PETITIONER:
**TORREY J. BAUER**
BAUER LAW OFFICE, P.C.
Warsaw, IN

**JEFFREY T. JONES**
JONES LAW, PC
Warsaw, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**EVAN W. BARTEL**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

**FILED**

Feb 19 2015, 2:54 pm

**CLERK**
of the supreme court,
court of appeals and
tax court

| | | |
|---|---|---|
| MARINELAND GARDENS COMMUNITY ASSOCIATION, INC., | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 45T10-1210-TA-00065 |
| | ) | |
| KOSCIUSKO COUNTY ASSESSOR, | ) | |
| | ) | |
| Respondent. | ) | |

ON APPEAL FROM THE FINAL DETERMINATION
OF THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**February 19, 2015**

WENTWORTH, J.

The Indiana Board of Tax Review denied Marineland Gardens Community Association, Inc.'s 2009 and 2010 property tax exemptions because it failed to make a prima facie case that it was established for the purpose of retaining and preserving its land and water for their natural characteristics. The Court affirms the Indiana Board.

**FACTS AND PROCEDURAL HISTORY**

Marineland is the homeowners' association for a subdivision located on a lake in

Kosciusko County. (Cert. Admin. R. at 469, 506.) Marineland was organized as a domestic, non-profit corporation in 1967. (Cert. Admin. R. at 452.) Marineland owns and maintains ten non-contiguous parcels of land within the subdivision. During the 2009 and 2010 tax years, Marineland applied for a property tax exemption on each parcel claiming that it "maintains these [parcels] for the purpose of retaining and preserving land and water for their natural characteristics[.]" (Cert. Admin. R. at 11, 23.) The Kosciusko County Property Tax Assessment Board of Appeals (PTABOA) denied the exemption applications. (Cert. Admin. R. at 6-8, 18-20.)

Marineland timely appealed each of the exemption denials to the Indiana Board. (See Cert. Admin. R. at 63-330.) The Indiana Board consolidated the appeals and held a hearing on June 13, 2012. At the hearing, Marineland presented, among other things, the testimony of both its president and a subdivision homeowner. The president testified that although one parcel contains gravel, the other nine parcels are unimproved. (Cert. Admin. R. at 528.) He stated that some parcels had narrow walking paths allowing access to the water and the piers from the road. (See Cert. Admin. R. at 506, 550-56.) (See also Cert. Admin. R. at 460-66.) Moreover, he explained that one of the parcels was a long and narrow (600 feet by 60 feet) strip that separated homes from the water's edge. (See Cert. Admin. R. at 495-96, 537-38.) (See also Cert. Admin. R. at 458-59.) This parcel has a seawall running along its length, interrupted by a boat ramp. (See Cert. Admin. R. at 544, 546.) (See also Cert. Admin. R. at 459.) In addition, the president pointed out that several parcels contained utility poles with lighting and possibly utility service. (Cert. Admin. R. at 555.) (See also Cert. Admin. R. at 456, 458.) He also indicated that Marineland permits the public to access all ten

2

parcels, the piers, and the lake for recreational purposes such as fishing, walking, and picnicking. (See Cert. Admin. R. at 522, 533, 549, 559-61.) He further stated that Marineland does not conduct any business activity or allow outside vendors on the land. (Cert. Admin. R. at 529.) Finally, he explained that Marineland remains one of the few areas on Lake Wawasee where geese and other wildlife can still access the land because it is not fenced. (Cert. Admin. R. at 561-62.)

A homeowner from the subdivision testified that Marineland purchased one of the ten parcels specifically to prevent commercial buildings from being built on it. (See Cert. Admin. R. at 567-70.) He continued that Marineland later improved the parcel by adding gravel so that it could be used as a parking lot for the boat ramp. (See Cert. Admin. R. at 570.) (See also Cert. Admin. R. at 462.)

On September 7, 2012, the Indiana Board issued its final determination affirming all of the PTABOA's exemption denials. The Indiana Board found that Marineland failed to make a prima facie case that it was established for the purpose of retaining and preserving its land and water for their natural characteristics as required by Indiana Code § 6-1.1-10-16(c)(3). (Cert. Admin. R. at 432 ¶¶ 24-25.)

On February 13, 2013, Marineland initiated an original tax appeal. The Court conducted oral argument on June 21, 2013. Additional facts will be supplied when necessary.

## STANDARD OF REVIEW

This Court gives great deference to final determinations of the Indiana Board when it acts within the scope of its authority. Tipton Cnty. Health Care Found. v. Tipton Cnty. Assessor, 961 N.E.2d 1048, 1050 (Ind. Tax Ct. 2012). The Court will reverse a

3

final determination of the Indiana Board only if it is:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (2) contrary to constitutional right, power, privilege, or immunity;
>
> (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;
>
> (4) without observance of procedure required by law; or
>
> (5) unsupported by substantial or reliable evidence.

IND. CODE § 33-26-6-6(e)(1)-(5) (2015). The party seeking to overturn the Indiana Board's final determination bears the burden of establishing its invalidity. Osolo Twp. Assessor v. Elkhart Maple Lane Assocs., 789 N.E.2d 109, 111 (Ind. Tax Ct. 2003). Moreover, the Court will not reweigh any evidence presented or reassess the credibility of any witnesses who testified at the administrative hearing. Shelby Cnty. Assessor v. CVS Pharmacy, Inc. #6637-02, 994 N.E.2d 350, 353 (Ind. Tax Ct. 2013).

## LAW AND ANALYSIS

Indiana Code § 6-1.1-10-16(c)(3) exempts a tract of land from property tax if it "is owned by a nonprofit entity established for the purpose of retaining and preserving land and water for their natural characteristics[.]" IND. CODE § 6-1.1-10-16(c)(3) (2009).[1] The Indiana Board denied Marineland's exemption applications because it failed to show that it was <u>established</u> for the purpose of retaining and preserving the natural characteristics of its land. (See Cert. Admin. R. at 431-32 ¶¶ 20-24.) On appeal,

---

[1] The statute also requires that the tract of land not exceed five hundred acres and not be used by the nonprofit entity to make a profit. See IND. CODE § 6-1.1-10-16(c)(3)(B), (C) (2009). At the hearing, Marineland stated it did not use its parcels to make a profit and the parcels' total acreage is less than 500 acres. (See Cert. Admin. R. at 527, 529, 576.) The Assessor did not challenge these statements and they, therefore, are not in dispute now.

4

Marineland asserts that because the Indiana Board gave no weight to its evidence showing that the subject parcels were maintained and preserved for their natural characteristics, its final determination constitutes an abuse of discretion and is unsupported by substantial evidence.[2] (See Pet'r Pet. Judicial Review at 3-4.)

To be eligible for the exemption, Marineland had to show that it was established for the purpose of retaining and preserving its land for its natural characteristics. The record reveals that Marineland did not submit any organizational documents to the Indiana Board that laid out the purpose for which it was established. (See generally Cert. Admin. R. at 438-66 (indicating what evidence Marineland submitted at the administrative hearing).) (See also Cert. Admin. R. at 431-32 ¶¶ 20, 23.) Instead, Marineland's president simply presented evidence demonstrating how Marineland has and continues to use the land.[3]

---

[2] Marineland also argues that the Indiana Board abused its discretion by not granting it exempt status when "one other [homeowner's] association on a lake in Indiana with similar facts [was] granted exemption status[.]" (See Pet'r Mem. Supp. Pet. Judicial Review at 9, n. 3 (referring to the Court's decision Kosciusko County Property Tax Assessment Board of Appeals v. Hime's – Miller's & Strombeck's 3rd Additions, Inc., No. 49T10-0605-TA-50, slip op. (Ind. Tax Ct. June 26, 2007).) The argument, however, fails for two reasons. First, the Court's opinion in Hime's is a memorandum decision and therefore cannot be regarded as precedent. See Ind. Tax Court Rule 17. Second, Hime's is distinguishable from this case because the sole issue there was whether the exemption statute was constitutional as applied, while the issue in the present case is whether the evidence supports the Indiana Board's finding. See Kosciusko Cnty. Prop. Tax Assessment Bd. of Appeals v. Hime's – Miller's & Strombeck's 3rd Additions, Inc., No. 49T10-0605-TA-50, slip op. at 4-5 (Ind. Tax Ct. June 26, 2007). Accordingly, neither the decision nor the reasoning in Hime's is persuasive in deciding this case.

[3] The president also testified that Marineland applied for a state grant on January 15, 2012, to dredge the channel, claiming that dredging is indicative of Marineland's effort to preserve the waterway. (See Cert. Admin. R. at 563-64.) This fact, however, is not relevant to the present case because Marineland applied for the grant after the assessment years at issue. (See Cert. Admin. R. at 563-64.) See also Quality Stores, Inc. v. State Bd. of Tax Comm'rs, 740 N.E.2d 939, 942 (Ind. Tax Ct. 2000) (explaining that each tax year stands alone).

Even if evidence of a property's current or long-standing use could prove why an organization was established, much of the evidence that Marineland presented is contradictory. The Indiana Board recognized that some of Marineland's evidence might indicate that it was preserving and retaining its land and water for their natural characteristics.[4] (See Cert. Admin. R. at 431-32 ¶ 21.) For instance, nine of its parcels were unimproved, geese and people had access to the land because it was not fenced in, and trees and grass were present on the parcels. (See Cert. Admin. R. at 522, 531-32, 561-62.) In addition, Marineland does not conduct any business activity or permit outside vendors on the land. (See Cert. Admin. R. at 529.) Nonetheless, the Indiana Board pointed out that other evidence showed that Marineland's land was used in a manner inconsistent with being established for the purpose of retaining and preserving the natural characteristics of its land. (See Cert. Admin. R. at 431 ¶ 21.) For example, several parcels contained improvements: one parcel was a gravel lot used for parking; another parcel had a long cement seawall, a boat ramp, and boat docks; and several parcels had utility poles with lighting. (See, e.g., Cert. Admin. R. at 520-21, 531-32, 542, 544, 546-47, 554.) In addition, much of Marineland's evidence focused on the use of the parcels for recreational activities such as walking, fishing, and boating. (Cert. Admin. R. at 506, 522, 532-34, 535-36, 546-47, 549, 554, 559-60.) Marineland, however, failed to explain to the Indiana Board how these uses furthered the exempt purpose.

---

[4] Indiana Code § 6-1.1-10-16(c)(3) does not define the words "retaining" or "preserving." The Court therefore gives those words their plain and ordinary meaning as found in a dictionary. See Methodist Hospitals, Inc. v. Lake Cnty. Prop. Tax Assessment Bd. of Appeals, 862 N.E.2d 335, 338 (Ind. Tax Ct. 2007) review denied. The word "retaining" means "to hold secure or intact (as in a fixed place or condition)[.]" See WEBSTER'S THIRD NEW INT'L DICTIONARY 1938 (2002 ed.). The word "preserving" means "to keep safe from injury, harm, or destruction" or "to remain fresh or in original state[.]" See id. at 1794.

This Court will find that a final determination of the Indiana Board is supported by substantial evidence if a reasonable person could view the record in its entirety and find enough relevant evidence to support the Indiana Board's determination. See Amax Inc. v. State Bd. of Tax Comm'rs, 552 N.E.2d 850, 852 (Ind. Tax Ct. 1990). Here, a reasonable person viewing the record would find enough relevant evidence to support denying the exemption because Marineland did not explain how its evidence indicates that it was established for the purpose of retaining and preserving the land and water for its natural characteristics under Indiana Code § 6-1.1-10-16(c)(3). See Long v. Wayne Twp. Assessor, 821 N.E.2d 466, 471 (Ind. Tax Ct. 2005) (stating that in order to make a prima facie case, a taxpayer must walk the Indiana Board and this Court through every element of its analysis) review denied.

## CONCLUSION

For the foregoing reasons, the Court finds that the Indiana Board's final determination is supported by substantial evidence and is not an abuse of discretion. Accordingly, the Court AFFIRMS the Indiana Board's final determination in this matter.

7