ATTORNEYS FOR PETITIONER:
**MARILYN S. MEIGHEN**
ATTORNEY AT LAW
Carmel, IN

**BRIAN A. CUSIMANO**
ATTORNEY AT LAW
Indianapolis, IN

ATTORNEY FOR RESPONDENT:
**BRADLEY D. HASLER**
BINGHAM GREENEBAUM DOLL LLP
Indianapolis, IN



FILED

Feb 03 2017, 3:22 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

HAMILTON COUNTY ASSESSOR,       )
                                )
   Petitioner,                 )
                                )
        v.            )  Cause No. 49T10-1309-TA-00069
                                )
CHARLES E. DUKE,                )
                                )
   Respondent.                 )

ON APPEAL FROM A FINAL DETERMINATION OF
THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**February 3, 2017**

WENTWORTH, J.

This case concerns whether the Indiana Board of Tax Review erred when it determined that, for the 2009, 2010, and 2011 tax years (the "years at issue"), Charles E. Duke's real property qualified for an educational purposes exemption, but did not qualify for a religious purposes exemption. The Court reverses the Indiana Board's determination on the educational purposes exemption, and affirms its determination on the religious purposes exemption.

**FACTS AND PROCEDURAL HISTORY**

Duke owns a 5,298 square foot facility on a 1.03 acre lot located in Carmel, Indiana. (Cert. Admin. R. at 184-86.) In 1987, Duke incorporated the Little Lamb Daycare, Inc. as a for-profit corporation to own and operate a daycare facility on the property. (Cert. Admin. R. at 447-48.) Duke does not charge Little Lamb any rent for its use of his property. (Cert. Admin. R. at 1228.)

During the years at issue, Little Lamb was open on weekdays from 6:30 a.m. to 6:00 p.m. (Cert. Admin. R. at 200.) Children up to six years old attended Little Lamb and spent approximately 1.25 hours each day being instructed in various subjects, such as reading, math, science, history, language arts, and social studies. (See Cert. Admin. R. at 200, 1375-77, 1439, 1507-08, 1512-18.) Little Lamb had a Level II certification from Paths to Quality, an Indiana "Child Care Quality Rating and Improvement System." (Cert. Admin. R. at 211-12.) Moreover, its curriculum was Bible-based, but not governed by the tenets of a specific church or denomination. (Cert. Admin. R. at 1237-38.) Each day also included other activities, such as approximately 15 minutes of cleaning, 30 minutes of exercise, 45 minutes of prayer and bible study, 1.75 hours of free play and recess, 2 hours for a nap period, and 2.5 hours for breakfast, lunch, and snacks. (See Cert. Admin. R. at 200, 1373, 1375-76, 1425-26, 1494-96, 1500-04, 1511-12.) Little Lamb also offered children from six to ten years old daily 1 hour before-school and 1.5 hour after-school programs. (Cert. Admin. R. at 198-200.)

Duke filed three Applications for Property Tax Exemption (Forms 136) with the Hamilton County Property Tax Assessment Board of Appeals (PTABOA). Duke claimed that because Little Lamb used 84% of his property for educational and religious

purposes, that portion of the property was entitled to an exemption from property tax under Indiana Code §§ 6-1.1-10-16 and 6-1.1-10-36.3.[1] The PTABOA denied Duke's Forms 136, and Duke appealed to the Indiana Board.

The Indiana Board held a hearing on Duke's appeals on May 20, 2013. On August 9, 2013, the Indiana Board issued its final determination, denying the partial religious purposes exemption and granting the partial educational purposes exemption. (Cert. Admin. R. at 143 ¶ 63.)

On September 10, 2013, the Assessor initiated this original tax appeal. The Court heard the parties' oral arguments on January 29, 2016. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

The Court gives great deference to decisions by the Indiana Board when it acts within its authority. Marineland Gardens Cmty. Ass'n v. Kosciusko Cnty. Assessor, 26 N.E.3d 1087, 1089 (Ind. Tax Ct. 2015). Thus, the Court will reverse a final determination only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of procedure required by law; or unsupported by substantial or reliable evidence. IND. CODE § 33-26-6-6(e)(1)-(5) (2016). The party challenging the Indiana Board's final determination bears the burden of demonstrating its invalidity based on the evidence presented to the Indiana Board. See Johnson Cnty. Prop. Tax Assessment Bd. of Appeals v. KC Propco LLC, 28 N.E.3d 370, 374 (Ind. Tax Ct. 2015).

---

[1] Duke did not seek an exemption for the remaining 16% of the property, which was used for the care of infants and toddlers. (Cert. Admin. R. at 127, ¶ 15)

3

## LAW

All tangible property in Indiana is subject to taxation. IND. CODE § 6-1.1-2-1 (2009); Hamilton Cnty. Prop. Tax Assessment Bd. of Appeals v. Oaken Bucket Partners, LLC, 938 N.E.2d 654, 656 (Ind. 2010). Indiana's Constitution provides that the Legislature may exempt certain property from taxation based on its use. IND. CONST. art. 10, § 1(c)(1). To that end, the Legislature has enacted an exemption from property taxes for property "owned, occupied, and used" for, among other things, educational or religious purposes. IND. CODE § 6-1.1-10-16(a) (2009).

The Legislature has also provided that property is exempt if it is "predominantly used or occupied for one (1) or more [exempt] purposes[.]" IND. CODE § 6-1.1-10-36.3(a) (2009) (emphasis added). Property is predominantly used for exempt purposes "if it is used or occupied for . . . [exempt purposes] during more than fifty percent (50%) of the time that it is used or occupied in the year that ends on the assessment date of the property." I.C. § 6-1.1-10-36.3(a). Accordingly, the statutory predominant use test focuses on the amount of time that property was used for exempt purposes in relation to its total usage. I.C. § 6-1.1-10-36.3(a). See also State Bd. of Tax Comm'rs v. New Castle Lodge # 147, Loyal Order of Moose, Inc., 765 N.E.2d 1257, 1262-63 (Ind. 2002) (stating that the predominant use test necessarily focuses on a facility's usage).

Determining whether an exemption applies is a fact-sensitive inquiry. Hamilton Cnty. Assessor v. SPD Realty, LLC, 9 N.E.3d 773, 777 (Ind. Tax Ct. 2014). The taxpayer has the burden to prove entitlement to an exemption by providing evidence that meets every element of the exemption sought. See Fraternal Order of Eagles # 3988, Inc. v. Morgan Cnty. Prop. Tax Assessment Bd. of Appeals, 5 N.E.3d 1195, 1200

4

(Ind. Tax Ct. 2014) (explaining that a taxpayer must prove it is entitled to an exemption by presenting probative evidence that it satisfies the statutory requirements of that exemption). Moreover, any ambiguity will be strictly construed in favor of taxation and against exemption. Oaken Bucket, 938 N.E.2d at 657.

**ANALYSIS**

The dispositive issue on appeal is whether the Indiana Board properly applied the predominant use test under Indiana Code § 6-1.1-10-36.3(a). The Assessor claims that the Indiana Board erred in granting 84% of Duke's property an educational purposes exemption because this determination is not supported by substantial evidence and the predominant use test was applied in a manner contrary to law. (Pet'r Br. at 8-10.) Specifically, the Assessor claims that the Indiana Board erred by finding 84% of Duke's property was exempt even though Duke failed to identify the time spent on specific exempt activities and compare it to the total time the property was used as required under Indiana Code 6-1.1-10-36.3.[2] (Pet'r Br. at 8-10.)

In response, Duke first claims that the Court cannot substitute its judgment for that of the Indiana Board on the weight or credibility of the evidence and that the predominant use test was properly applied. (Resp't Br. at 3-4.) Duke further contends that the Indiana Board erred in denying a partial property tax exemption based on Little Lamb's predominant use of the property for religious purposes. (Resp't Br. at 5-7.)

---

[2] The Assessor also argued that the Indiana Board interpreted the meaning of the term "educational purposes" more broadly than the Legislature intended under Indiana Code § 6-1.1-10-16, that Little Lamb's activities fail to provide sufficient public benefit to justify removing the property from the tax rolls, and that the Legislature's enactment of Indiana Code § 6-1.1-10-16(o) and Indiana Code § 6-1.1-10-46 clarified that it did not intend facilities such as Little Lamb to receive educational purposes exemptions. (Oral Arg. Tr. at 5-12; Pet'r Br. at 5-8, 11-13.) The Court does not address these arguments because it finds in favor of the Assessor on this issue on other grounds.

## I.    Educational Purposes Exemption

The Indiana Board determined that Duke's property qualified for a partial exemption from property tax because it was predominantly used for educational purposes. (Cert. Admin. R. at 143, ¶ 63.) Its analysis highlighted evidence that Little Lamb scheduled educational learning, its teachers designed lesson plans, it achieved a Level II certification from Paths to Quality, and it taught subjects that were similar to those taught in public schools. (Cert. Admin. R. at 140, ¶ 53.) Accordingly, the Indiana Board concluded that Duke's evidence showed that "[t]he atmosphere at Little Lamb is one of education, where children are learning throughout the day. All of the programs at Little Lamb are a complement to and prepare children for enrollment in school by providing the foundational elements children need to thrive in more advanced programs." (Cert. Admin. R. at 140, ¶ 53.) Duke claims, therefore, that to reverse this determination the Court would have to re-weigh the evidence or re-assess its credibility, which this Court does not do. (See Resp't Br. at 3.)

Our Supreme Court has confirmed that the statutory focal point for exemption is the predominant use of the property. New Castle Lodge # 147, 765 N.E.2d at 1264. The statute explains that the predominant use test requires evidence of the amount of time the property was used for exempt purposes compared to the amount of time it was used for any purpose. I.C. § 6-1.1-10-36.3(a). Accordingly, the Indiana Board's finding of fact that Little Lamb provided activities that fostered an atmosphere of education cannot establish the property's predominant use without a time-usage comparison.

Here, the evidence shows that Little Lamb used Duke's property for both non-educational and educational activities. (See Cert. Admin. R. at 200, 1373, 1375-76,

6

1425-26, 1494-96, 1500-04, 1510-12.) Duke, however, did not identify and explain how each of Little Lamb's activities furthered educational purposes. (Cert. Admin. R. at 1201-02.) Furthermore, Duke failed to compare the relative amounts of time the property was used for exempt educational purposes to the overall time the property was used for all purposes. (Cert. Admin. R. at 1201-02.)

The Court has held previously that a failure to provide the Indiana Board with a comparison of the relative amounts of time that a property was used for exempt and non-exempt purposes is fatal to a claim of exemption. Fraternal Order of Eagles # 3988, 5 N.E.3d at 1202; see also New Castle Lodge # 147, 765 N.E.2d at 1264 (finding that a taxpayer failed to meet its burden under the predominant use standard by not offering a log of the time the facility was used for exempt purposes versus total time used). Therefore, the Court finds that because Duke did not provide a time comparison as required by Indiana Code § 6-1.1-10-36.3(a), the Indiana Board's determination on this issue is contrary to law.[3]

---

[3] Duke has further claimed that because "many of the Assessor's arguments mirror the arguments made by the assessing official in Johnson Cnty. Prop. Tax Assessment Bd. of Appeals v. KC Propco LLC, 28 N.E.3d 370 (Ind. Tax Ct. 2015)," the Court should similarly affirm the Indiana Board's determination. (Resp't Br. at 3-4.) Duke is mistaken that KC Propco, which affirmed the Indiana Board's grant of an educational purposes exemption under Indiana Code § 6-1.1-10-16, should control here. Although both share many similar facts and legal arguments, the differing outcomes reflect a consistent application of the law. The issue in KC Propco was whether its property was exclusively used for educational purposes under Indiana Code § 6-1.1-10-16(a), not whether a partial educational purposes exemption under Indiana Code § 6-1.1-10-36.3(a) applied, as here. See Johnson Cnty. Prop. Tax Assessment Bd. of Appeals v. KC Propco LLC, 28 N.E.3d 370, 374-75 (Ind. Tax Ct. 2015). As stated above and unlike KC Propco, Duke sought a partial exemption for Little Lamb under Indiana Code § 6-1.1-10-36.3. Due to the nature of the facts and the arguments, the applicability of Indiana Code § 6-1.1-10-36.3 and its time-comparison standard was not at issue in KC Propco, but is dispositive here. See Hamilton Cnty. Assessor v. SPD Realty, LLC, 9 N.E.3d 773, 777 (Ind. Tax Ct. 2014) (explaining that the question of whether a taxpayer is entitled to an exemption is a fact-specific inquiry).

## II. Religious Purposes Exemption

The Indiana Board further determined that the Duke property failed to qualify for a partial religious purposes exemption because the predominant use of the property was not religious. (Cert. Admin. R. at 136, ¶ 42, 137-38 ¶ 46.). Duke claims that this determination is contrary to law because the Indiana Board wrongly applied a new de facto bright-line test that required an affiliation with a church. (See Resp't Br. at 5-7.) As stated above, however, the failure to provide the Indiana Board with a comparison of the relative amounts of time that a property was used for exempt and non-exempt purposes is fatal to a claim of exemption under Indiana Code § 6-1.1-10-36.3. See Fraternal Order of Eagles # 3988, 5 N.E.3d at 1202; see also New Castle Lodge # 147, 765 N.E.2d at 1264. As with the educational purposes exemption, Duke's evidence failed to identify or explain which of Little Lamb's activities furthered religious purposes. Also, Duke did not provide a comparison of the amount of time spent daily on religious activities to the total amount of time Little Lamb operated each day. Because this time comparison is required to demonstrate predominant use under Indiana Code § 6-1.1-10-36.3(a), the Court agrees with the Indiana Board's result - denying the religious purposes exemption.

## CONCLUSION

For the foregoing reasons, the final determination of the Indiana Board is REVERSED as to the educational purposes exemption, and AFFIRMED as to the religious purposes exemption.