ATTORNEY FOR PETITIONER:
**MARTIN R. LUCAS**
ATTORNEY AT LAW
North Judson, IN

ATTORNEYS FOR RESPONDENT:
**KEVIN G. KERR**
**TODD A. LEETH**
HOEPPNER WAGNER & EVANS LLP
Valparaiso, IN

# IN THE
# INDIANA TAX COURT

FILED
Dec 08 2017, 11:48 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| | | |
|---|---|---|
| STARKE COUNTY ASSESSOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 71T10-1701-TA-00002 |
| | ) | |
| PORTER-STARKE SERVICES, INC., | ) | |
| | ) | |
| Respondent. | ) | |

ON APPEAL FROM A FINAL DETERMINATION OF
THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
December 8, 2017

WENTWORTH, J.

The Starke County Assessor challenges the Indiana Board of Tax Review's final determination that Porter-Starke Services, Inc. was entitled to an 81% charitable purposes exemption for real property it owned during the 2015 tax year. The Court affirms the Indiana Board's final determination.

## FACTS AND PROCEDURAL HISTORY

Porter-Starke is an Indiana and federal non-profit corporation that provides, among other things, mental health services. (Cert. Admin. R. at 2, 84.) Its real property at issue is an 8,239 square-foot medical building situated on a 1.147 acre lot located in Starke

County, Indiana.  (Cert. Admin. R. at 5, 11-12.)  During 2015, Porter-Starke leased 1,591 square-feet of its building to a third party.  (Cert. Admin. R. at 31 ¶ 11, 71, 82.)

During the year at issue, Porter-Starke operated a community mental health center ("CMHC") certified by the Indiana Family and Social Services Administration.  (See Cert. Admin. R. at 103-04.)  As a CMHC, Porter-Starke administers programs that provide, among other things, medical and psychiatric care, addiction treatment, nursing, counseling, therapy, and training to mentally ill, chronically addicted, and emotionally disturbed individuals.  (Cert. Admin. R. at 200-03, 206, 229-30.)  It provides these services to long- and short-term patients of all ages.  (Cert. Admin. R. at 201-02, 208-09.)  These services are overseen by an unpaid board of directors and provided by both volunteers and paid employees, including a licensed psychiatrist and a medical doctor.  (Cert. Admin. R. at 205-06, 222-23, 241.)  Moreover, as a CMHC, Porter-Starke is subject to oversight by the State Board of Accounts, which requires an annual audit, and the State, which audits its medical records.  (Cert. Admin. R. at 233-34.)

Porter-Starke receives subsidies and other financial assistance from various governmental sources, including Starke County, the state of Indiana, and federal grants. (Cert. Admin. R. at 213-14, 220, 226-27, 235-41.)  In addition, Porter-Starke charges its patients fees for its services, but it discounts those fees based on the patient's ability to pay and does not refuse service to those unable to pay.  (Cert. Admin. R. at 154, 230, 240-41.)

On April 15, 2015, Porter-Starke filed an Application for Property Tax Exemption with the Starke County Property Tax Assessment Board of Appeals (PTABOA) for the 2015 tax year seeking a charitable purposes exemption for 100% of its property, claiming

it was used exclusively to operate the CMHC. The PTABOA denied the exemption, and Porter-Starke appealed to the Indiana Board.

The Indiana Board held a hearing on August 10, 2016, and issued its final determination on December 7, 2016. The Indiana Board found that Porter-Starke had established 1) that 81% of its property was used exclusively for charitable purposes, providing mental health services as a certified CMHC, and 2) that it provided a public benefit by fulfilling an essential government obligation that lessened the burden that would otherwise fall on local law enforcement and correctional resources to address mental health issues.[1] (Cert. Admin. R. at 37-38 ¶¶ 35-38, 40-41 ¶¶ 44-48.) Accordingly, the Indiana Board granted Porter-Starke a charitable purposes exemption for 81% of its real property.[2] (Cert. Admin. R. at 41 ¶ 50.)

On January 10, 2017, the Assessor initiated this original tax appeal. On June 30, 2017, the Court heard the parties' oral arguments. Additional facts will be provided as necessary.

## STANDARD OF REVIEW

The Court gives great deference to decisions by the Indiana Board when it acts within its authority. Marineland Gardens Cmty. Ass'n v. Kosciusko Cnty. Assessor, 26 N.E.3d 1087, 1089 (Ind. Tax Ct. 2015). The Court, however, may reverse a final determination by the Indiana Board only if it is arbitrary, capricious, an abuse of discretion,

---

[1] Porter-Starke conceded in its Memorandum of Law before the Indiana Board that it did not claim an exemption for the leased portion of its property. (See Cert. Admin. R. at 71, 82.) Thus, that portion of the property is not at issue in this matter.

[2] The Indiana Board denied Porter-Starke an exemption for its personal property due to a lack of evidence regarding that personal property. (See Cert. Admin. R. at 41 ¶¶ 48-50.) Porter Starke has not appealed this determination.

or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of procedure required by law; or unsupported by substantial or reliable evidence. IND. CODE § 33-26-6-6(e)(1)-(5) (2017). As the party appealing the Indiana Board's final determination, the Assessor bears the burden to prove it is invalid based on the evidence presented to the Indiana Board. See Johnson Cnty. Prop. Tax Assessment Bd. of Appeals v. KC Propco LLC, 28 N.E.3d 370, 374 (Ind. Tax Ct. 2015).

**LAW**

As a general rule, all tangible property in Indiana is subject to taxation. IND. CODE § 6-1.1-2-1 (2015); Hamilton Cnty. Prop. Tax Assessment Bd. of Appeals v. Oaken Bucket Partners, LLC, 938 N.E.2d 654, 656 (Ind. 2010). Nevertheless, the Indiana Constitution allows the Legislature to exempt property from taxation if it is used for municipal, educational, literary, scientific, religious or charitable purposes. IND. CONST. art. 10, § 1(c)(1). To that end, the Legislature has enacted a property tax exemption for property "owned, occupied, and used" for charitable purposes. IND. CODE § 6-1.1-10-16(a) (2015). The "charitable purposes exemption" includes the land on which an exempt building is situated and the personal property used in pursuit of a charitable purpose. See I.C. § 6-1.1-10-16(c), (e).

The charitable purposes exemption is not susceptible to bright-line tests or other abbreviated inquiries, and each exemption request stands on its own facts. See, e.g., Jamestown Homes of Mishawaka, Inc. v. St. Joseph Cnty. Assessor, 914 N.E.2d 13, 15 (Ind. Tax Ct. 2009), review denied. Thus, property is exempt only if the evidence presented to the Indiana Board shows that it is owned, occupied, and used for a charitable

4

purpose. Trinity Episcopal Church v. State Bd. of Tax Comm'rs, 694 N.E.2d 816, 818-19 (Ind. Tax Ct. 1998).

For purposes of the exemption, the term "charitable purpose" is defined and understood in its broadest constitutional sense. Indianapolis Elks Bldg. Corp. v. State Bd. of Tax Comm'rs, 251 N.E.2d 673, 682 (Ind. Ct. App. 1969). A charitable purpose is established when a taxpayer provides evidence to the Indiana Board showing 1) "relief of human want . . . manifested by obviously charitable acts different from the everyday purposes and activities of man in general[ ]" and 2) that a benefit sufficient to justify the loss of tax revenue inures to the public through these acts. Id. at 683; see also Tipton Cnty. Health Care Found., Inc. v. Tipton Cnty. Assessor, 961 N.E.2d 1048, 1051-52 (Ind. Tax Ct. 2012).

## ANALYSIS

On appeal, the Assessor claims that the Indiana Board's final determination must be reversed for two reasons. First, the Assessor claims that the final determination is contrary to law because it found the provision of mental health services by an I.R.C. § 501(c)(3) non-profit corporation certified as a CMHC is entitled per se to a charitable purposes exemption. (Appellant's Br. ("Pet'r Br.") at 11-13; Appellant's Reply Br. ("Pet'r Reply Br.") at 2-4.) Second, the Assessor contends that the final determination is not supported by substantial evidence because Porter-Starke failed to present evidence that

showed a sufficient public benefit to justify the exemption.[3]  (Pet'r Br. at 5-6, 18-19; Oral Arg. Tr. at 17-28.)

## I.    Per Se Exemptions

The Assessor first claims that the Indiana Board erred in granting Porter-Starke a property tax exemption based on finding mental health services provided by an I.R.C. § 501(c)(3) certified as a CMHC is entitled per se to a charitable purposes exemption.  (See Pet'r Br. at 11-13.)  The Assessor maintains that Knox County Property Tax Assessment Board of Appeals v. Grandview Care, Inc., 826 N.E.2d 177 (Ind. Tax Ct. 2005), suggests "that elder care was essentially per se exempt from property taxation, at least when conducted by a non-profit corporation." (Pet'r Br. at 10 (emphasis added).)  The Assessor then explains that "[b]y per se exempt, [it] means that the taxpayer is relieved from the burden of proving that it operates in a financially charitable manner within the ordinary meaning of charity."  (Pet'r Br. at 10.)

The Assessor agrees that providing mental health services constitutes good and noble deeds like the elder care services at issue in Grandview.  (Cert. Admin. R. at 261; Oral Arg. Tr. at 48.)  Nonetheless, the Assessor claims that the Indiana Board relied on Grandview to grant a per se exemption based on good deeds alone, contrary to more recent authority that requires "a more rigorous review of the financial operation of parties pursuing the charitable exemption."  (Pet'r Br. at 10-12.)  See also Housing P'ships, Inc.

---

[3] The Assessor also argues that the Indiana Board erred by determining that Porter-Starke was a public agency and granting it an exemption on those grounds.  (Appellant's Br. at 14-18.)  The Indiana Board did not grant the exemption based on whether or not it was a public agency, but granted the exemption because it concluded the property was used for a charitable purpose.  (See Cert. Admin. R. at 38 ¶ 39, 41 ¶¶ 48-50.)  Accordingly, the Court will not address the parties' arguments regarding Porter-Starke's status as a public agency or whether that status would entitle it to a property tax exemption.  See IND. CODE § 33-26-6-3(b) (2017) (limiting judicial review of an Indiana Board decision to those issues decided by its final determination).

6

v. Owens, 10 N.E.3d 1057, 1060-61 (Ind. Tax Ct. 2014), reh'g granted, 17 N.E.3d 403 (Ind. Tax Ct. 2014); Tipton Cnty. Health Care Found., 961 N.E.2d at 1051-52.

Grandview, Tipton County Health Care Foundation, and Housing Partnerships each evaluate whether property is entitled to a charitable purposes exemption by analyzing whether the taxpayer's acts both relieve human want and provide a public benefit sufficient to justify the loss of tax revenue. See Housing P'ships, 10 N.E.3d at 1061, 1064-65; Tipton Cnty. Health Care Found., 961 N.E.2d at 1051-52; Grandview Care, Inc., 826 N.E.2d at 182. The differences in analyses and outcomes in these cases is not due, however, to an evolving legal standard, as the Assessor urges, but to differences in the evidence presented and the arguments made in each particular case. E.g., Trinity Episcopal Church, 694 N.E.2d at 818-19 (granting an exemption without addressing whether there was a public benefit because the parties did not raise the issue). Accordingly, the Court is not persuaded that a non-profit certified as a CMHC is exempt per se from property tax.

The final determination did not conclude, however, that Porter-Starke was entitled to an exemption per se. Although the Indiana Board noted that the parties had debated whether the subject property was exempt per se, it explicitly recognized that charitable purposes exemption cases are fact-sensitive and have no bright-line tests for determining outcomes. (Compare Cert. Admin. R. at 33-34 ¶ 22 and 39 ¶ 42 with 36-37 ¶¶ 30-33 (citing Jamestown Homes, 914 N.E.2d at 15.) Indeed, in this matter the Indiana Board weighed all the evidence regarding Porter-Starke's operations, services, and resultant public benefits in concluding that Porter-Starke's property was entitled to a charitable purposes exemption. (See Cert. Admin. R. at 30-33 ¶¶ 10-19, 37-38 ¶¶ 35-36, 39 ¶¶ 40-

7

41, 40 ¶¶ 44-45.) Therefore, the final determination did not grant a charitable purposes exemption per se and was not contrary to law on those grounds.

## II. Substantial and Reliable Evidence

The Assessor also contends that the Indiana Board's final determination is not supported by substantial and reliable evidence because Porter-Starke did not provide evidence that it relieves burdens government would have to bear at a higher cost, justifying the loss of tax revenue. (Pet'r Br. at 5-6, 18-19; Oral Arg. Tr. at 28-32.) Although the Assessor does not dispute that Porter-Starke assists in meeting an essential government obligation, it claims there is no evidence in support of the Indiana Board's "speculative finding" that Porter-Starke's "provision of services also alleviates pressure that would otherwise fall on local law enforcement and correctional resources, among others. These are burdens the government would have to address at likely a considerably higher cost." (Pet'r Br. at 19 (citing Cert. Admin. R. at 40 ¶ 44).) Moreover, the Assessor further contends that the Indiana Board failed to consider evidence that Porter-Starke receives public funding, which it claims would be fatal to Porter-Starke's claim that it provides a public benefit. (See Pet'r Br. at 13-14, 18-19; Oral Arg. Tr. at 17-28.) See also Housing P'ships, Inc. v. Owens, 17 N.E.3d 403, 405 (Ind. Tax Ct. 2014), review denied. ("Housing P'ships II").

This Court has explained that a private organization provides a public benefit when it "takes on a task that would otherwise fall to the government, [as] this provides a benefit to the community as a whole because it allows the government to direct its funds and attention to other community needs." College Corner, L.P. v. Dep't of Local Gov't Fin., 840 N.E.2d 905, 910 (Ind. Tax Ct. 2006). Even when a taxpayer receives government

8

funds, it "fulfill[s] a charitable purpose to the extent that it lessened some part of the government's burden." Id. at 910 n. 9; see also Trinity Sch. of Natural Health, Inc. v. Kosciusko Cnty. Prop. Tax Assessment Bd. of Appeals, 799 N.E.2d 1234, 1238 (Ind. Tax Ct. 2003).

In Housing Partnerships, a corporation owned numerous single-family homes, duplexes, and small apartment buildings that it rented to low-income tenants. Housing P'ships, 10 N.E.3d at 1059. It funded its activities using income from the rental of these properties, donations, and various public and private grants. Id. at 1059. When it sought a charitable purposes exemption for the 2006 tax year, the Indiana Board denied the exemption because the taxpayer had not made a prima facie case that its properties were entitled to the charitable purposes exemption and had not explained the terms and conditions attached to the grants. Id. at 1060. This Court affirmed the Board's final determination on appeal, explaining that the taxpayer had not presented evidence establishing a governmental burden to provide low-income housing or showing that this burden was actually relieved by the taxpayer rather than being borne by government through its grants. Id. at 1064. Rather than creating a bright-line test that accepting public funds prohibits a taxpayer from receiving a charitable purposes exemption, Housing Partnerships emphasizes the basic litigation principle that a taxpayer must provide actual evidence that a government burden exists and that this burden is relieved beyond the extent of the grants. See id. at 1064 (affirming the Indiana Board's final determination due to lack of evidence presented by the taxpayer); see also Jamestown Homes of Mishawaka, 914 N.E.2d at 15 (rejecting bright-line tests in the context of the charitable purposes exemption).

Here, Indiana has taken on the burden of providing mental health care for the indigent. See, e.g., IND. CODE § 12-21-2-3(5) (2015) (providing that the Indiana Family and Social Services Administration has the duty to create rules regarding public and private mental health care, including certifying CMHCs); see also IND. CONST. art. 9, § 1 ("It shall be the duty of the General Assembly to provide, by law, for the support of institutions for . . . the treatment of the insane"). Thus, Indiana certifies organizations that provide inpatient, residential, partial hospitalization, outpatient, consultation-education, and community support services to all who seek them while maintaining a certain level of staffing as CMHCs. See IND. CODE § 12-7-2-38 (2015); 440 IND. ADMIN. CODE 4-3-1, 4.1-2-2 (2015). Once an organization is certified as a CMHC, it is entitled by statute to county and state funds. See IND. CODE §§ 12-29-2-2, -20 (2015). Porter-Starke receives a portion of these funds as a certified CMHC that provides these services.[4] (Cert. Admin. R. at 227-30, 235-41.)

Further, the record showed that Starke County was in the bottom quartile for providing access to clinical healthcare during the tax year, with high rates of drug or alcohol abuse and limited access to mental health services. (See Cert. Admin. R. at 122-29.) The record reveals that Porter-Starke took on this burden, charged fees on a sliding scale based on ability to pay, and provided free treatment to the indigent for mental health care needs. (Cert. Admin. R. at 154, 200-203, 229-30, 238-41.) The record further showed that Porter-Starke worked with local law enforcement, taking on some of Starke

---

[4] The federal government also provides funding to organizations that provide substance abuse treatment and mental health services in the form of block grants administered by the State. See generally, e.g., 42 U.S.C. § 300x-2 (2015); 42 C.F.R. 485.918 (2015); 45 C.F.R. §§ 96.123, 96.135 (2015). Porter-Starke also receives a portion of these funds. (See Cert. Admin. R. at 213-15, 238.)

County's burden in fighting abuse and addiction, and treating the mentally ill. (See Cert. Admin. R. at 202-04, 219-220, 229-30.) Moreover, the record contains testimony from Porter-Starke's CFO that Porter-Starke would provide mental health services even in the absence of its public funding. (Cert. Admin. R. at 243-44.) Accordingly, there is more than a scintilla of evidence supporting the Indiana Board's determination and a reasonable person reviewing the entire record could find relevant evidence to support that determination. See DeKalb Cnty. Assessor v. Chavez, 48 N.E.3d 928, 931-32 (Ind. Tax Ct. 2016) (explaining that a final determination is supported by substantial and reliable evidence if there is more than a scintilla of supporting evidence and a reasonable person reviewing the entire record could find enough relevant evidence to support it). The evidence was weighed by the Indiana Board; this Court will not re-weigh the evidence on appeal. See Kildsig v. Warrick Cnty. Assessor, 998 N.E.2d 764, 767 (Ind. Tax Ct. 2013) (explaining that the Court may not reweigh the evidence that was presented to the Indiana Board). Consequently, the Court finds that the Indiana Board's final determination was supported by substantial evidence.

## CONCLUSION

For the above stated reasons, the Indiana Board's final determination in this matter is AFFIRMED.