SHELBYVILLE MHPI, LLC, an Indiana Limited Liability Company, Petitioner,

v.

Anne THURSTON, in her official capacity as Assessor, Shelby County, Respondent.

No. 49T10–1003–TA–14.

Tax Court of Indiana.

Nov. 5, 2012.

Paul M. Jones, Thomas F. Schnellenberger, Matthew J. Ehinger, Ice Miller LLP, Indianapolis, IN, Attorneys for Petitioner.

Marilyn S. Meighen, Meighen & Associates, P.C., Carmel, IN, Attorney for Respondent.

FISHER, Senior Judge.

Shelbyville MHPI, LLC (MHPI) appeals the final determination of the Indiana Board of Tax Review upholding the assessment of its real property for the 2006 tax year. The issue for the Court to decide is whether the Indiana Board erred in upholding the assessment. The Court affirms.

## FACTS AND PROCEDURAL HISTORY

At some point in 2004, MHPI offered to purchase the subject property, a 205–pad mobile home park situated on 51.04 acres in Shelbyville, Indiana. To facilitate the purchase, MHPI's lender commissioned an appraisal (hereinafter "the Crown Appraisal"), which valued a portion of the park at $4.2 million.[1] On December 17, 2004, MHPI purchased the entire park for $4,266,400.

For the 2006 tax year, the Shelby County Assessor assessed MHPI's property at $4,983,300. MHPI appealed its assessment to the Shelby County Property Tax Assessment Board of Appeals (PTABOA) and based on some unspecified sales data, the PTABOA reduced MHPI's assessment to $4,263,800.

On October 31, 2008, MHPI appealed to the Indiana Board, claiming that its assessment was still too high. On October 27, 2009, the Indiana Board held a hearing, during which both MHPI and the Assessor offered third party appraisals, completed in conformance with the Uniform Standards of Professional Appraisal Practice (USPAP), to support their respective positions. MHPI's Appraisal estimated that the market value-in-use[2] of its mobile home park was $2.9 million as of January 1, 2005. In response, the Assessor presented the Crown Appraisal, which valued the property at $4.2 million as of November 4, 2004. The Assessor also claimed that the fact that MHPI purchased the park for just over $4.2 million in December 2004 supported the assessment. On January 5, 2010, the Indiana Board issued a final determination upholding MHPI's assessment because it found the Assessor's evidentiary presentation more persuasive than MHPI's evidentiary presentation.

On March 19, 2010, MHPI initiated this original tax appeal. The Court heard oral arguments on February 18, 2011. Additional facts will be supplied as necessary.

1. The Crown Appraisal describes the subject property as a 199–pad mobile home park consisting of ± 47.7 acres. (*See* Cert. Admin. R. at 400–40, 530–31.)

2. In 2006, Indiana's real property assessments were to reflect a property's market value-in-use (*i.e.*, the value of a property "for its current use, as reflected by the utility re-

ceived by the owner or a similar user, from the property") as of January 1, 2005. *See* IND.CODE § 6–1.1–4–4.5 (2006) (amended 2009); 2002 REAL PROPERTY ASSESSMENT MANUAL (2004 Reprint) (incorporated by reference at 50 IND. ADMIN. CODE 2.3–1–2 (2002 Supp.)) at 2; 50 Ind. Admin. Code 21–3–3 (2006) (see http://www.in.gov/legislative/iac).

## STANDARD OF REVIEW

■ The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity. *Hubler Realty Co. v. Hendricks Cnty. Assessor,* 938 N.E.2d 311, 313 (Ind. Tax Ct.2010) (citation omitted). Consequently, MHPI must demonstrate to the Court that the Indiana Board's final determination is, for example, arbitrary or capricious, an abuse of discretion, contrary to law, or not supported by substantial or reliable evidence. *See* IND.CODE § 33–26–6–6(e)(1), (5) (2012).

## ANALYSIS

On appeal, MHPI contends that the Indiana Board's final determination must be reversed for two alternative reasons.[3] First, MHPI claims that the Indiana Board's final determination is contrary to law because it utilized an improper framework in reviewing its property tax appeal. Alternatively, MHPI claims that the Indiana Board should have completely rejected or significantly discounted the Assessor's December 2004 sales evidence because MHPI demonstrated that it never would have paid over $4.2 million for the property had it known that Indiana's retrending process would cause the property taxes to "sky rocket." (*See* Pet'r Reply Br. at 5–6; Pet'r Br. at 10–12.)

## I.

■ A final determination of the Indiana Board is contrary to law if it violates any statute, constitutional provision, legal principle, or rule of substantive or procedural law. *See John Malone Enter., Inc. v. Schaeffer,* 674 N.E.2d 599, 606 (Ind. Ct.App.1996). MHPI maintains on appeal that the Indiana Board, in evaluating the record evidence, violated its own standard of review because it did not determine whether MHPI made a *prima facie* case or whether the Assessor rebutted its *prima facie* case. (*See* Pet'r Reply Br. at 1–2.) MHPI is incorrect.

■ A petitioner makes a *prima facie* case during the administrative hearing process when it submits evidence that is "sufficient to establish a given fact and which, if not contradicted, remains sufficient." *See Long v. Wayne Twp. Assessor,* 821 N.E.2d 466, 468 (Ind. Tax Ct.2005) (citation omitted), *review denied.* The respondent must then rebut the petitioner's *prima facie* case to prevail. *See id.* While the Indiana Board's final determination does not explicitly state that MHPI made a *prima facie* case or that the Assessor rebutted MHPI's *prima facie* case, the Indiana Board's final determination implicitly indicates that it reached those conclusions. Indeed, the Indiana Board explained that because the parties presented conflicting evidence regarding the value of MHPI's mobile home park, it needed to weigh the evidence and determine which was most persuasive and reliable. (*See* Cert. Admin. R. at 105.) After analyzing the evidence, the Indiana Board then explained why it found the Assessor's overall evidentiary presentation more persuasive than MHPI's evidentiary presentation. (*See* Cert. Admin. R. at 105–09.) Accordingly, the Indiana Board did not violate its own standard of review in reviewing MHPI's appeal and, therefore, the Court concludes that MHPI has not shown that the Indiana Board's final determination is contrary to law.

---

3.  MHPI also complains that the Assessor's use of the Crown Appraisal was improper and that the Appraisal lacked probative value because it was significantly flawed. (*See* Pet'r Br. at 7–10.) The Court, however, need not address these complaints to resolve the matter at hand.

## II.

The next issue before the Court is whether the Indiana Board's determination that the December 2004 sales evidence was probative as to the market value-in-use of MHPI's property is arbitrary, capricious, or not based on substantial evidence. Probative evidence is "evidence sufficient to establish a given fact that, if not contradicted, will remain sufficient." *Meadowbrook N. Apts. v. Conner*, 854 N.E.2d 950, 953 (Ind. Tax Ct.2005) (citation omitted). Indiana's assessment manual provides that a taxpayer may rebut the presumption of correctness afforded to assessments through the presentation of sales information regarding the subject or comparable properties. 2002 REAL PROPERTY ASSESSMENT MANUAL (2004 Reprint) (hereinafter "Manual") (incorporated by reference at 50 IND. ADMIN. CODE 2.3–1–2 (2002 Supp.)) at 5. Conversely, an assessing official may also support the correctness of an assessment through the presentation of such evidence. *See Kooshtard Prop. VI, LLC v. White River Twp. Assessor*, 836 N.E.2d 501, 506 n. 6 (Ind. Tax Ct.2005), *review denied*.

The administrative record reveals that the manufactured home market was robust between 2004 and 2005. (*See* Cert. Admin. R. at 456, 463, 473–74, 497.) In fact, the market was characterized as one in which investor demand routinely outweighed supply. (*See* Cert. Admin. R. at 473–74, 497.) The demand for such property did not begin to decrease until 2008. (Cert. Ad-

min. R. at 190.) MHPI purchased the mobile home park in an arm's length transaction in December 2004 for just over $4.2 million. (*See, e.g.,* Cert. Admin. R. at 300–01.) Furthermore, despite the imminence of Indiana's re-trending process that required assessing officials to adjust real property assessments to reflect the six-year difference in effective valuation dates, MHPI *assumed,* when it purchased the property, that its assessment and associated property tax liability would remain relatively constant.[4] (*See* Pet'r Br. at 10–12 (footnote added).) *See also* IND.CODE § 6–1.1–4–4.5 (2006) (amended 2009); Manual at 2; 50 IND. ADMIN. CODE 21–3–3(a)–(b) (2006) (see http://www.in.gov/legislative/iac). MHPI's incorrect assumption cannot dispel the record evidence, which not only indicates that the December 2004 sales evidence reflected both the robustness and stability of the manufactured home market for the 2006 tax year, but also shows what MHPI believed the property to be worth at the time of purchase. Accordingly, while MHPI's current complaints regarding its "sky rocketing" property taxes are indicative of buyer's remorse, they do not require the complete rejection or substantial discounting of the December 2004 sales evidence. Consequently, the Court must conclude that the Indiana Board did not abuse its discretion in either considering the December 2004 sales evidence or in finding it probative as to the mobile home park's market value-in-use for the 2006 tax year.[5]

---

**4.** MHPI suggests that its misunderstanding of Indiana's re-trending process negates the probative value of the December 2004 sales evidence. (*See* Pet'r Reply Br. at 5–6; Pet'r Br. at 10–12.) The Court, however, is not persuaded.

**5.** The Indiana Board also found that MHPI's Appraisal was deficient because "the work was done more than 4½ years after the valuation date" and it was prepared for litigation

purposes. (*See* Cert. Admin. R. at 106–08 ¶¶ 53, 56.) These conclusions were erroneous: absent a showing of some relevant physical change in the property, the date upon which an appraisal is completed has no bearing on its probative value. Similarly, the fact that an appraisal was prepared for litigation purposes, without something more, does not render it non-probative. Nonetheless, the Court finds these errors are harmless, given

## CONCLUSION

The final determination in this case reveals that the Indiana Board, as an impartial adjudicator, accepted the parties' evidentiary presentations, considered and weighed their quality, and ultimately concluded that the Assessor's evidentiary presentation corroborated the assessment, which best reflected the market value-in-use of MHPI's mobile home park. The Court finds no basis for reversing the Indiana Board's conclusion and, therefore, its final determination is AFFIRMED.

the totality of the record evidence and the

Indiana Board's conclusions thereto.