**FRATERNAL ORDER OF EAGLES # 3988, INC., Petitioner,**

v.

**MORGAN COUNTY PROPERTY TAX ASSESSMENT BOARD OF APPEALS and Morgan County Assessor, Respondents.**

No. 49T10–1201–TA–4.

Tax Court of Indiana.

March 18, 2014.

Robert H. Hendren, Attorney at Law, Lansdale, PA, Attorney for Petitioner.

Gregory F. Zoeller, Attorney General of Indiana, John P. Lowrey, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondents.

### WENTWORTH, J.

This case concerns whether the Indiana Board of Tax Review erred in determining that the Fraternal Order of Eagles # 3988, Inc. was not entitled to either a fraternal beneficiary association exemption or a charitable purposes exemption for the 2006 tax year. The Court affirms.

## FACTS AND PROCEDURAL HISTORY

Eagles, a mutual benefit corporation, was incorporated in 1999 under Indiana's Nonprofit Corporation Act of 1991.[1] Its bylaws state that its mission is to "unite[ ] fraternally in the spirit of liberty, truth, justice, and equality, [and] to make human

---

1. Eagles is also recognized for federal tax purposes as an I.R.C. § 501(c)(8) fraternal beneficiary society, order, or association. (*See* Cert. Admin. R. at 237.) As such, its income is exempt from federal taxation because it operates under the lodge system or for the exclusive benefit of its members and it provides for the payment of life, sick, accident, or other benefits (*i.e.*, death benefits) to its members or their dependents. *See* I.R.C. § 501(c)(8) (2005).

life more desirable by lessening its ills, and by promoting peace, prosperity, gladness and hope." (Cert. Admin. R. at 243.) Accordingly, Eagles stated motto is "People helping People." (Cert. Admin. R. at 399.)

During the 2006 tax year, Eagles owned a 10,500 square foot lodge situated on 2.23 acres of land in Mooresville, Indiana. Eagles used its property to raise funds for charitable organizations, to collect donations for needy families, and to host private events for its members (*e.g.*, dances, pool tournaments, karaoke, and bingo). In addition, Eagles occasionally allowed other charitable organizations to use its property free-of-charge. On May 15, 2006, Eagles filed an "Application for Property Tax Exemption" with the Morgan County Property Tax Assessment Board of Appeals (PTABOA) requesting either a fraternal beneficiary association exemption or a charitable purposes exemption for the 2006 tax year on its real and personal property. On August 28, 2006, the PTABOA denied Eagles' application in its entirety.

Eagles subsequently appealed to the Indiana Board. On August 23, 2011, the Indiana Board held a hearing during which Eagles presented, among other things, its charitable donation records for 2003 through 2006,[2] its monthly profit/loss statements for 2005, several affidavits,[3] and a Usage Study[4] to show that it used its property for fraternal and charitable pur-

poses. On December 9, 2011, the Indiana Board issued a final determination in which it held that Eagles was not entitled to either the fraternal beneficiary association exemption or the charitable purposes exemption.

On January 20, 2012, Eagles filed this original tax appeal. The Court heard oral argument on October 25, 2012. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

■ This Court gives great deference to final determinations of the Indiana Board when it acts within the scope of its authority. *Tipton Cnty. Health Care Found., Inc. v. Tipton Cnty. Assessor,* 961 N.E.2d 1048, 1050 (Ind. Tax Ct.2012). Consequently, the Court will reverse a final determination of the Indiana Board only if it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

---

**2.** The charitable donation records consisted of fundraiser flyers; newspaper excerpts regarding donations; and lists specifying the dates, recipients, and amounts of its donations. (*See* Cert. Admin. R. at 274–86.)

**3.** The affiants provided sworn testimony that Eagles' members used the property 100% of the time and that charitable organizations used the property at no charge. (*See* Cert. Admin. R. at 264–73.)

**4.** The Usage Study indicated that the Eagles' lodge was comprised of a social room, enter-

tainment room, lodge room, pool/dart room, kitchen, offices, storage areas, restrooms, and corridors. (*See* Cert. Admin. R. at 145.) It also identified the events that took place in these rooms (including the times) between March 2005 and February 2006. (*See* Cert. Admin. R. at 107–45.) For example, the Usage Study provided that Eagles' members used the entertainment room for karaoke and the social room for meetings, bingo, and dances on certain days at certain times. (*See* Cert. Admin. R. at 115–26.)

(5) unsupported by substantial or reliable evidence.

IND.CODE § 33–26–6–6(e)(1)–(5) (2014).

## ANALYSIS

On appeal, Eagles argues that the Indiana Board's final determination must be reversed for two reasons. First, Eagles claims that the Indiana Board's determination that it failed to establish a *prima facie* case that it was entitled to the fraternal beneficiary association exemption under Indiana Code § 6–1.1–10–23 is both contrary to law and unsupported by substantial evidence.[5] Second, Eagles claims that the Indiana Board's determination that it did not establish a *prima facie* case that it was entitled to the charitable purposes exemption under Indiana Code § 6–1.1–10–16 is also contrary to law and unsupported by substantial evidence.

### The fraternal beneficiary association exemption

During the 2006 tax year, Indiana Code § 6–1.1–10–23 provided that "tangible property is exempt from property taxation if it is owned by a fraternal beneficiary association which is incorporated, organized, or licensed under the laws of this state." IND.CODE § 6–1.1–10–23(a) (2006). The statute further provided that a fraternal beneficiary association's real property is exempt when "it is actually occupied and exclusively used by the association in carrying out the purpose for which it was incorporated, organized, or licensed." I.C. § 6–1.1–10–23(b). Accordingly, a taxpayer seeking an exemption under Indiana Code § 6–1.1–10–23 must first provide evidence to show that it is a fraternal beneficiary association.

In its final determination, the Indiana Board relied on the Indiana Court of Appeals' decision in *State Board of Tax Commissioners v. Fort Wayne Sport Club, Inc.*, 147 Ind.App. 129, 258 N.E.2d 874, 880 (1970) for a definition of "fraternal beneficiary association:"

> The term "fraternal benefit society" or "fraternal beneficiary association" shall mean any corporation, society, order or voluntary association, without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit and having a lodge system and representative form of government, and which shall make provision for the payment of [death] benefits in accordance with this act.

(*See* Cert. Admin. R. at 35–36.) In its appeal to the Court, Eagles claims that the Indiana Board's use of that definition is contrary to law because it conflicts with the common law definition of "fraternal beneficiary association" as provided in a 1944 Attorney General Opinion. (*See* Pet'r Br. at 3–5.) Furthermore, Eagles maintains that the 1944 Attorney General Opinion expressly recognized Indiana's longstanding tradition to grant property tax exemptions to fraternal beneficiary associations that use their property for fraternal

---

5. The Indiana Board also determined that Eagles did not establish that it qualified for the fraternal beneficiary association exemption under Indiana Code § 27–11–7–4. (*See* Cert. Admin. R. at 40.) Eagles maintains that this determination is incorrect. (*See* Pet'r Br. at 2–9; Pet'r Reply Br. at 1–3 (collectively arguing that its property qualifies for exemption under either Indiana Code § 6–1.1–10–23 or Indiana Code § 27–11–7–4).)

As will be shown, however, the resolution of Eagles' claim for exemption under Indiana Code § 6–1.1–10–23 also disposes of its claim for exemption under Indiana Code § 27–11–7–4 because both statutes, as a threshold issue, require that an entity seeking exemption demonstrate that it is a fraternal beneficiary association. *See* IND.CODE § 6–1.1–10–23 (2006); Ind.Code § 27–11–7–4 (2006).

purposes. (*See* Pet'r Br. at 3–4; Pet'r Reply Br. at 2; Oral Arg. Tr. at 16.)

██ A final determination of the Indiana Board is contrary to law if it violates any statute, constitutional provision, legal principle, or rule of substantive or procedural law. *Shelbyville MHPI, LLC v. Thurston,* 978 N.E.2d 527, 529 (Ind. Tax Ct.2012). Official opinions of the Attorney General have no precedential value and they are not judicially binding. *See McPeek v. McCardle,* 888 N.E.2d 171, 177 n. 4 (Ind.2008); *Illinois–Indiana Cable Television Ass'n v. Pub. Serv. Comm'n,* 427 N.E.2d 1100, 1111 (Ind.Ct.App.1981). Nonetheless, the 1944 Attorney General Opinion is instructive because it explained that for purposes of the fraternal beneficiary association exemption, the term "fraternal beneficiary association" should be defined to be consistent with Burns Indiana Statutes Annotated § 39–4401 *et seq.*[6] *See* 1944 Ind. Op. Att'y Gen. No. 65 at 265, *available at* http://hdl.handle.net/1805/1120. Contrary to Eagles' claim, therefore, the 1944 Attorney General Opinion defined the term "fraternal beneficiary association" according to a statutory definition, not a common law definition. Moreover, both the Indiana Court of Appeals in the *Fort Wayne Sport Club* case and the Indiana Board in this case used the same statute to define a "fraternal beneficiary association." *See State Bd. of Tax Comm'rs v. Fort Wayne Sport Club, Inc.,* 147 Ind.App. 129, 258 N.E.2d 874, 880 (1970). (*See also* Cert. Admin. R. at 35–36.) Consequently, Eagles has not shown that the Indiana Board's final determination is contrary to law on this basis.

██ Eagles further claims that the Indiana Board's determination that it did not present a *prima facie* case that it is a fraternal beneficiary association is in error because it is unsupported by substantial evidence. More specifically, Eagles contends that the Indiana Board simply ignored its uncontroverted evidence that showed that it is indeed a fraternal beneficiary association that uses its property for fraternal and charitable purposes. (*See* Pet'r Br. at 5–9.)

██ It is well-established that exemption statutes are to be strictly construed against the taxpayer, and thus, the burden is on the taxpayer to prove that it is entitled to the exemption that it seeks. *See Tipton Cnty. Health Care Found.,* 961 N.E.2d at 1051. *See also Long v. Wayne Twp. Assessor,* 821 N.E.2d 466, 471 (Ind. Tax Ct.2005) (explaining that to make a *prima facie* case, a taxpayer must walk the Indiana Board through every element of its analysis rather than assuming that the evidence speaks for itself), *review denied.* Here, then, Eagles was required to present probative evidence demonstrating that it satisfies the statutory definition of a fraternal beneficiary association set forth in Indiana Code § 27–11–1–1 (*i.e.,* the successor to Burns Indiana Statutes Annotated § 39–4401(b)). *See Fort Wayne Sport Club,* 258 N.E.2d at 880 (explaining that an entity must satisfy Burns Indiana Statute Annotated § 39–4401(b) to qualify as a fraternal beneficiary association).

---

**6.** At the time, Burns Indiana Statutes Annotated § 64–201, a predecessor to Indiana Code § 6–1.1–10–23, exempted:

All the personal property of any fraternal beneficiary association, incorporated, organized or licensed under the laws of this state, and all the real estate of any such association, except that real estate or part thereof not actually occupied and used exclusively by such association in carrying out the purposes for which it was incorporated, organized, or licensed.

*See* 1944 Ind. Op. Att'y Gen. No. 65 at 264, *available at* http://hdl.handle.net/1805/1120 (citation omitted).

At the Indiana Board hearing, Eagles' sole witness testified that the lodge is used by its members only, that Eagles donates its profits to support needy families and other charitable organizations, and that it provides death benefits to its members. (*See* Cert. Admin. R. at 369–74.) The witness also described how Eagles' members used the lodge (*e.g.*, meetings, fundraisers, drinking, and gambling) and that Eagles made charitable donations after deducting the cost of its own expenses. (*See* Cert. Admin. R. at 376–435.) In addition, Eagles argued that its federal I.R.C. § 501(c)(8) status and its documentary evidence (*e.g.*, its bylaws, certificate of incorporation, and constitution[7]) showed that it uses its property exclusively for fraternal and charitable purposes. (*See* Cert. Admin. R. at 363–65.)

■ Initially, Eagles' recognition as an I.R.C. § 501(c)(8) fraternal beneficiary society, order, or association for federal income tax purposes does not, by itself, establish that Eagles met all the definitional requirements contained in Indiana Code § 27–11–1–1. Moreover, Eagles failed to show how its other documentary and testimonial evidence satisfied each element of the definition of a "fraternal beneficiary association" as defined under Indiana Code § 27–11–1–1. As the Indiana Board pointed out, Eagles' evidence does not indicate whether it has a representative form of government as required under Indiana Code § 27–11–1–1. (*See* Cert. Admin. R. at 37–38.) *See also* IND.CODE § 27–11–1–1 (2006). Furthermore, the Indiana Board found that Eagles' evidence was unpersua-

sive because it was often conclusory, and therefore, it could not independently demonstrate that Eagles met the six statutorily prescribed elements of the definition of a "fraternal beneficiary association" in Indiana Code § 27–11–1–1. (*See* Cert. Admin. R. at 36–38.) Based on its review of the certified administrative record, the Court finds no basis for reversing the Indiana Board's findings. Consequently, Eagles has not shown that the Indiana Board's determination that it did not present a *prima facie* case that it is a fraternal beneficiary association is unsupported by substantial evidence.

### The charitable purposes exemption

■ The charitable purposes exemption, set forth in Indiana Code § 6–1.1–10–16, provides that "[a]ll or part of a building is exempt from property taxation if it is owned, occupied, and used by a person[8] for ... charitable purposes." IND.CODE § 6–1.1–10–16(a) (2006) (footnote added). The exemption generally extends to the land on which an exempt building is situated and the personal property that is contained within. *See* I.C. § 6–1.1–10–16(c), (e). Accordingly, a taxpayer seeking a charitable purposes exemption under Indiana Code § 6–1.1–10–16(a) must demonstrate that it owns, occupies, and either exclusively or predominately uses its property for charitable purposes. *See 6787 Steelworkers Hall, Inc. v. Scott*, 933 N.E.2d 591, 595 (Ind. Tax Ct.2010); IND. CODE § 6–1.1–10–36.3 (2006).

7. Eagles is a local chapter of the Grand Aerie Fraternal Order of Eagles and as a result, it has adopted the Grand Aerie's constitution as its own. (*See* Cert. Admin. R. at 252; Oral Arg. Tr. at 12–13.) Similar to its bylaws, the constitution, in part, states that Eagles was formed for fraternal purposes and seeks to "promote and raise funds for duly authorized

Fraternal Order of Eagles charities and contribute to worthwhile charitable causes." (Cert. Admin. R. at 255.)

8. The term "person" "includes a sole proprietorship, partnership, association, corporation, limited liability company, fiduciary, or individual." IND.CODE § 6–1.1–1–10 (2006).

██ The Indiana Board determined that Eagles did not make a *prima facie* case that its property was exclusively or predominately used for charitable purposes. (*See* Cert. Admin. R. at 31–34.) Eagles contends that the Indiana Board's determination is contrary to law and is unsupported by substantial evidence. (*See* Pet'r Br. at 9–13; Pet'r Reply Br. at 2; Oral Arg. Tr. at 20–25.)

A review of Eagles' presentation indicates that it urged the Indiana Board to find that using property for fraternal purposes is synonymous with using property for charitable purposes because fraternal organizations collectively seek to promote the general welfare of their members and society in general. (*See, e.g.,* Cert. Admin. R. 110–14, 268–73, 288, 363–66, 369–70.) The General Assembly, however, has not expressly declared in any statute that property owned, occupied, and exclusively used by a fraternal organization is *ipso facto* used for a charitable purpose and thus exempt. *See Indianapolis Elks Bldg. Corp. v. State Bd. of Tax Comm'rs*, 145 Ind.App. 522, 251 N.E.2d 673, 681 (1969); *see also* I.C. § 6–1.1–10–16(a). Therefore, the fact that Eagles used its property for fraternal purposes does not necessarily establish that its property was used for charitable purposes.

In this case, the evidence contained in the certified administrative record shows that Eagles used its property both for a variety of social and recreational purposes (*e.g.,* gambling, drinking, dancing, karaoke, pool/dart tournaments, and general relaxation) and for charitable purposes (*e.g.,* fundraisers and donations). (*See* Cert. Admin. R. at 107–45, 336–38, 369–414.) Nonetheless, Eagles' Usage Report did not provide the Indiana Board with a comparison of the relative amounts of time that the lodge was used for exempt and nonexempt purposes. (*See* Cert. Admin. R. at 105–45, 288 380–82.) Eagles' failure to provide this comparison was fatal to its claim for either a full or a partial exemption.[9] In addition, Eagles' evidence failed to show that the activities that it claimed were charitable (*i.e.,* its fraternal activities) truly were.[10] Consequently, Eagles has not demonstrated that the Indiana Board's determination that it did not make a *prima facie* case that its property was exclusively or predominately used for charitable purposes is either contrary to law or unsupported by substantial evidence.

## CONCLUSION

For the above-stated reasons, the Court AFFIRMS the final determination of the Indiana Board.

---

9. *Compare, e.g., Cedar Lake Conference Ass'n v. Lake Cnty. Prop. Tax Assessment Bd. of Appeals*, 887 N.E.2d 205, 208 (Ind. Tax Ct.2008) (where taxpayer's evidence established it predominately used its property for exempt purposes), *review denied with State Bd. of Tax Comm'rs v. New Castle Lodge 147, Loyal Order of Moose, Inc.*, 765 N.E.2d 1257, 1264 (Ind. 2002) (stating that "[t]axpayers may not avoid their burden of proof by 'mak[ing] a de *minimis* showing and then forc[ing] the [Indiana] Board to support its decision with detailed factual findings' " (citation omitted)).

10. *See Indianapolis Elks Bldg. Corp. v. State Bd. of Tax Comm'rs*, 145 Ind.App. 522, 251 N.E.2d 673, 682–683 (1969) (explaining that "charity [that] will justify an exemption [requires] more than a seal, a charter, and [participation in] social activities common to all of society[;]" instead, there must be evidence of relief of human want that is manifested by obviously charitable acts different from the everyday purposes and activities of man in general).