ATTORNEYS FOR PETITIONERS:
**WILLIAM W. BARRETT**
WILLIAMS BARRETT & WILKOWSKI
LLP
Greenwood, Indiana

ATTORNEYS FOR RESPONDENT:
**CURTIS T. HILL, JR.**
ATTORNEY GENERAL OF INDIANA

**WINSTON LIN**
DEPUTY ATTORNEY GENERAL
Indianapolis, Indiana

IN THE
INDIANA TAX COURT

FILED
Sep 01 2017, 2:07 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

WHITELICK INDIANA AERIE 3702 )
FRATERNAL ORDER OF EAGLES, INC. )
                                 )
   Petitioner,                  )
                                 )
   v.                          )     CASE NO. 49T10-1608-TA-21
                                 )
HENDRICKS COUNTY PROPERTY TAX    )
ASSESSMENT BOARD OF APPEALS AND  )
HENDRICKS COUNTY ASSESSOR,       )
                                 )
   Respondent.                 )

ON APPEAL FROM A FINAL DETERMINATION OF
THE INDIANA BOARD OF TAX REVIEW

FOR PUBLICATION
September 1, 2017

GiaQuinta, Special Judge

This case concerns whether the Indiana Board of Tax Review (the "Indiana Board") Conclusions determining that Whitelick Indiana Aerie 3207 Fraternal Order of Eagles, Inc. ("Aerie 3207") was not entitled to a property tax exemption under either Indiana Code § 6-1.1-10-23 or Indiana Code § 6-1.1-10-16 were not in accordance with law. The court affirms.

**FACTS AND PROCEDURAL HISTORY**

Aerie 3207 was incorporated in Indiana as a domestic, not-for-profit corporation, with no capital stock, for the following purposes as set forth in its Articles of Incorporation:

     (a)     To strengthen the bonds of fraternity between local Aeries, State Aeries and the Grand Aerie of the Fraternal Order of Eagles;

     (b)     To promote the patriotic, humanitarian and fraternal teachings of the Fraternal Order of Eagles; and

     (c)     To inculcate among the members a sense of their individual obligation to their community, to their state and to their nation.

Aerie 3207 is a local chapter instituted by the authority of the Grand Aerie of the Fraternal Order of Eagles. The Grand Aerie is the supreme governing body. Local Aerie chapters are part of individual Districts and Zones within each state Aerie. These state Aeries are part of Regions. Aerie 3207 uses the term "Grand Aerie" to refer to what appear to be two separate things: (1) the society itself (the Fraternal Order of Eagles), and (2) its supreme governing body (the Grand Aerie). The society's constitution requires local aeries to adopt by-laws that the Grand Aerie must approve.

During the 2013 and 2014 tax years, Aerie 3207 owned two parcels located at 5556 East U.S. Highway 40, Plainfield. The larger parcel is a 4.4-acre tract with a 7,560-square-foot lodge, a surface parking lot, a shelter house, horseshoe pits, and a playground. Members gather at the property to socialize. The lodge is comprised of three main sections: (1) a social room with a restaurant and bar used exclusively by members, (2) a banquet hall, and (3) offices, meeting rooms and restrooms. Each of these sections accounts for approximately 33% of the total building. And, the lodge contains personal property used for the organization's activities such as kitchen equipment, table, chairs, dish and glassware and office supplies.

The banquet hall functions as a party room, bingo room and ballroom. For example, Aerie 3207 holds weekly bingo nights open to the public. Non-members can rent the banquet hall for weddings, receptions and other events. Those rentals occur approximately 8-10 times per year. Aerie 3207 also donates use of the banquet hall, meeting rooms, and outside facilities to the Chamber of Commerce, various charities, local organizations, youth groups, and businesses.

At various times during the years under appeal, the lodge and surrounding grounds were used for weekly bingo nights; 52 Club drawings; Annual Charity Ball/Sweetheart Dance; banquet hall rentals; Eagles Riders Club raffles and charity rides; fundraising for the State Aerie and State Auxiliary projects; collecting goods for the Grand Aerie's Operation Eagle program; member's funeral dinners; dart tournaments; real estate agency clothing drives and pork chop sales; Chamber of Commerce meetings; Veteran's Day banquets and dinners; dinners for local police and firemen; children's Christmas programs; Easter egg hunts; Halloween parties and dances; picnics; Act of Faith's Charity Cat Show; and a fundraising event for Premier Academy of the Performing Arts Competition Team.

The other parcel is a 2.75-acre tract with a storage shed/garage. Aerie 3207 uses the shed to store its business records and personal property such as lawn-maintenance equipment.

Aerie 3207 generates most of its income through its restaurant, gaming, membership dues, and fundraisers and uses that income to pay operating expenses. Aerie 3207 gives funds not used for operations to charity. Aerie 3207 also collects donations for specific charitable causes, some of which are passed through to benefit the charitable endeavors of the society.

Members of the local pay annual membership dues of up to $30 per year. Aerie 3207's by-laws provide for a funeral benefit ranging from $150 (if a member dies in his first year of membership) to $300 (if he dies in the tenth year of membership or after). To qualify for the funeral benefit, the member must have been initiated into Aerie 3207 before his 55th birthday and be current with membership dues at the time of death. Aerie 3207 pays funeral benefits out of its benefit fund; no funds come from the society.

Aerie 3207 filed Applications for Property Tax Exemption with the Hendricks County Property Tax Assessment Board of Appeals (PTABOA) requesting either a fraternal benefit association exemption or a charitable purposes exemption for the 2013 and 2014 tax years on its real and personal property. The PTABOA denied those exemption applications on August 29, 2013, and July 7, 2014, respectively.

Aerie 3207 then timely appealed to the Indiana Board. On November 17, 2015, the Indiana Board held a hearing during which Aerie 3207 presented evidence including, but not limited to, its relationship to the society and the Grand Aerie, mission, and ownership, occupancy and use of the parcels. On June 20, 2016, the Indiana Board issued a final determination in which it held that Aerie 3207 was not entitled to either the fraternal benefit association exemption or the charitable purposes exemption.

On August 4, 2016, Aerie 3207 filed this original tax appeal. The court heard oral argument on June 7, 2017.

## STANDARD OF REVIEW

This court gives great deference to final determinations of the Indiana Board when it acts within the scope of its authority. The court will reverse a final determination of the Indiana Board only if it is:

(1)     arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2)     contrary to constitutional right, power, privilege, or immunity;

(3)     in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4)     without observance of procedure required by law; or

(5)     unsupported by substantial or reliable evidence.

Ind. Code §§ 33–26–6–6(e)(1)–(5) (2014). *See*, *Fraternal Order of Eagles # 3988, Inc. v. Morgan Cnty. Property Tax Assessment Bd. of Appeals*, 5 N.E.3d 1195, 1198 (Tax Ct. 2014). Aerie 3207 contends that the Board's conclusions that Aerie 3207 neither established itself as a fraternal benefit association under Indiana Code § 27-11-1-1 nor that it met the charitable exemption requirements under Indiana Code § 6-1.1-10-16(a) were not in accordance with law.

3

## DISCUSSION

Aerie 3207's first claim addresses the Board's conclusion that it was required to provide an insurance "Benefit Contract," including the issuance of certificates of insurance, to qualify as a fraternal benefit association for tax exempt status under Indiana Code § 6-1.1-10-23.

Aerie 3207 next claims that the Indiana Board erred when it determined that it failed to establish that its buildings and personal property were predominantly used for charitable purposes and exempt under Indiana Code § 6-1.1-10-16(a).

### I. Burden on Taxpayer to Establish Exempt Status.

"[E]xemption statutes are to be strictly construed against the taxpayer, and thus, the burden is on the taxpayer to prove that it is entitled to the exemption that it seeks." *Fraternal Order of Eagles No. 3988, Inc.,* 5 N.E.3d at 1200 (citing *Tipton Cnty. Health Care Found v. Tipton Cnty. Assessor,* 961 N.E.2d 1048, 1051 (Ind. Tax Ct. 2012)); *see also Long v. Wayne Twp. Assessor,* 821 N.E.2d 466, 471 (Ind. Tax Ct. 2005) (explaining that a taxpayer must walk the Indiana Board through each element of its analysis and may not simply assume that the evidence speaks for itself to make a *prima facie* case). Therefore, Aerie 3207 was required to meet the statutory definition of a fraternal benefit association set forth in Indiana Code § 27–11–1–1. *Fraternal Order of Eagles No. 3988, Inc.,* 5 N.E.3d at 1200 (citing *State Bd. of Tax Com'rs v. Fort Wayne Sport Club, Inc.,* 258 N.E.2d 874, 880, 147 Ind. App. 129 (Ind. Ct. App. 1970). Alternatively, Aerie 3207 was required to establish that it demonstrated the established requirements for a charitable exemption under Indiana Code § 6-1.1-10-16(a).

### II. Exemption as Fraternal Benefit Association Under Indiana Code § 6-1.1-10-23.

During tax years 2013 and 2014, Indiana Code § 6-1.1-10-23 provided, "tangible property is exempt from property taxation if it is owned by a fraternal benefit associations which is incorporated, organized, or licensed under the laws of this state." Ind. Code § 6-1.1-10-23(a) (1975). That section continues, "This exemption does not apply to real property unless it is actually occupied and exclusively used by the association in carrying out the purpose for which it was incorporated, organized, or licensed." *See*, I.C. § 6-1.1-10-23(b). But neither subsection defines "fraternal benefit association."

Prior to the establishment of this court, in *Fort Wayne Sport Club, Inc.,* the Court of Appeals held that, "the exemption is very clearly limited to such association as that term is defined in the 1935 act at § 181, [now, Indiana Code § 27-11-1-1]," 258 N.E.2d at 880, 147 Ind. App. at 137-138; *see also, Fraternal Order of Eagles #3988, Inc.,* 5 N.E.3d at 1200. Therefore, under *Fort Wayne Sports Club*, Aerie 3207 must show that it meets the definition of a fraternal benefit association by establishing that it is an "incorporated society, order, or supreme lodge without capital stock, whether incorporated or not, conducted solely for the benefit of its members and their beneficiaries and not-for-profit, operated on a lodge system with ritualistic form of work, having a representative form of government, and that provides benefits in accordance with this article." Ind. Code § 27-11-1-1 (1985). If the organization meets that statutory

4

definition, then it must prove that it is entitled to an exemption.[1] A fraternal benefit association's real property is exempt only when "it is actually occupied and exclusively used by the association in carrying out the purpose for which it was incorporated, organized, or licensed." I.C. § 6–1.1–10–23(b). Therefore, Aerie 3207 must first establish that it is a fraternal benefit association. If the local can establish it is a fraternal benefit association, then it must prove that its property is "actually occupied and exclusively used by the association in carrying out the purpose for which it was incorporated, organized, or licensed." I.C. § 6–1.1–10–23(b). That question is answered by resorting to the test provided in Indiana Code § 6-1.1-10-36.3.

The Indiana Board determined that Aerie 3207 was not entitled to the fraternal beneficiary exemption because it did not meet the definition set forth in Indiana Code § 27-11-1-1. The Indiana Board reasoned that the evidence presented by this subordinate lodge was unpersuasive because it failed to demonstrate that Aerie 3207 met all of the prescribed elements of a "fraternal benefit association" set forth in Indiana Code § 27–11–1–1. Specifically, Aerie 3207 failed to demonstrate that it "operates for the benefit of its members" as that term is defined at Indiana Code § 27-11-2-3 by providing benefits as described in Indiana Code § 27–11-6-1 and in accordance with Indiana Code §§ 27-11-1-3 and 6-4.

## A. Indiana Code § 27-11-1-1 Requirements.

There is no dispute between the parties that the method for determining whether Aerie 3207 is a fraternal benefit association was established by the Indiana Court of Appeals in *Fort Wayne Sports Club.*[2] However, there is an important distinction between the two sports clubs and this taxpayer. The court's reference to the predecessor of Indiana Code § 27-1-1-1 in *Fort Wayne Sports Club* made short work of the inquiry into whether the clubs were fraternal benefit associations since neither "[met] *any, let alone all*, of said statutory requirements." *Fort Wayne Sports Club, Inc.*, 258 N.E.2d at 880 (emphasis added). The sports clubs did not operate on a lodge system, had no representative form of government, were not created for the mutual benefit of the members and had no rituals. They were stand-alone social clubs with a sports theme which allowed the court to summarily dismiss the clubs' fraternal benefit arguments. This case requires a different level of inquiry because Aerie 3207 is a local or subordinate member of an organization or society which could meet some, if not all, of the statutory requirements.

The linking of Indiana Code § 6-1.1-10-23 and the insurance provisions at Indiana Code § 27-11 *et seq.* by the court in *Fort Wayne Sports Club* seemed reasonable under the plain facts of that case, but that linkage is less clear here where the taxpayer is a subordinate lodge of a society. Most of art. 11 regulates the historical role of fraternal beneficiary societies as insurance

---

[1] Indiana Code § 27-11-7-4 (2013; 2014) provides, "Every *society* organized or licensed under this article is declared to be a charitable and benevolent institution, and all of its funds shall be exempt from all and every state, county, district, municipal, and school tax other than taxes on real estate not occupied by a society in carrying on its business." (Emphasis added). Aerie 3207 is a subordinate lodge not a *society* organized or licensed under art. 11 and falls outside the *ipso facto* charitable provisions at Indiana Code § 27-11-7-4. In addition, Aerie 3207 contends that the sections of art. 11, presumably including section 7-4, are not applicable to the local lodge. *See infra*, II, B.
[2] There were separate taxpayers in the case: Fort Wayne Sports Club and the St. Joe Athletic Club; the former, a soccer club and the latter, an exercise club.

companies. *See*, Ind. Code § 27-11-6-1 and Ind. Code § 27-11-5-5 (1985); *see also Elkhart Mut. Aid, Benevolent Relief Ass'n v. Houghton*, 103 Ind. 286, 2 N.E. 763 (Ind. 1885). Art. 11 provisions have little application to the role played by the society's local chapters, which are utilized for social activities and charity events, not providing member insurance. One need not proceed past the very first section of Indiana Code § 27-11 to sense the square peg/round hole challenge these facts present. That section states that art. 11 applies to a "society, order, or supreme lodge without capital stock…" *See*, I.C. § 27-11-1-1. Aerie Local 3207 is none of those. Aerie 3207 is, as the Indiana Board found, is a "local chapter" or subordinate lodge in a hierarchy that includes, "districts and zones within a state aerie which, in turn, are grouped into regional conferences." All of the subordinates together comprise an Order of 850,000 members.

The sections of Indiana Code § 27-11 are meant to apply to the hierarchy common to many fraternal benefit societies. At Indiana Code § 27-11-1-1, the terms, "society, order, or supreme lodge" are used synonymously and constitute the "fraternal benefit society to which article 11 applies." Ind. Code § 27-11-1-11. The term, "Lodge" is defined as a "subordinate member unit of the society," not the society itself.[3] Here, a local lodge like Aerie 3207 is subordinate to a district lodge which is subordinate to a state lodge which is subordinate to a regional lodge which is subordinate to the society.

That the society in not synonymous with a local lodge like Aerie 3207 is clear from the numerous sections of art. 11 where both terms are used in a hierarchical context. *See*, Ind. Code §§ 27-11-2-1; 3-2 (a), 3-4, and 9-4 (1985). Local lodge Aerie 3207 is not a society; it is subordinate to the society. I.C. § 27-11-2-1. Since Indiana Code § 27-11-1-1 defines fraternal benefit associations as societies, not subordinate lodges, Aerie 3207 is no more a fraternal benefit association under Indiana Code § 6-1.1-10-23 than the soccer club in *Fort Wayne Sports Club*; its meager funeral benefit notwithstanding.[4] Moreover, and as will be discussed below, it is doubtful that any local subordinate lodge could meet the basic requirement of Indiana Code § 27-11-1-1 to provide benefits in accordance with art. 11.[5]

Yet since there is no previous Indiana authority for the proposition that only societies, not local lodges, are fraternal benefit associates under the express language of Indiana Code § 27-

---

[3] A Supreme Lodge, as the name implies, is distinguished from a Subordinate Lodge. The Supreme Lodge of a fraternal benefit association is the highest level of authority akin to the "Grand Aerie." A local chapter occupies the lowest level of subordinate lodges.

[4] The court invites the General Assembly to consider whether the purposes which gave rise to property tax exempt status to fraternal benefit associations still exists. The exemption appears to be rooted in an historic framework of fraternal benefit societies as "one stop shops" which provided meaningful benefits to members ranging from disability to unemployment. Those bear little resemblance to their evolution into social clubs providing community good works and a gathering place for members. Given the difficulty in distinguishing fraternal from charitable activity anyway, the taxpayer may be better off demonstrating that it is exempt under I.C § 6-1.1-10-16(a), though that requires a showing of predominant use.

[5] Using Title 27 to determine the property tax exempt status of local chapters of national mutual benefit organizations leads to a number of inconsistencies in the application of the statute. Most of these stem from the evolution of fraternal benefit associations from one stop shops as exclusive retreats for, and which provided meaningful benefits to, members to social clubs providing a mixture of uses and negligible benefits (like Aerie 3207). The latter bear little, if any, resemblance to original fraternal organizations. This Court invites the general assembly to recognize the changing nature of these clubs and update the relevant statutory framework.

11, the court will address the parties' contentions concerning whether Aerie 3207, as a local lodge, meets the definition of a fraternal benefit association under Indiana Code § 27-11.

**B. Aerie 3207 Contends Indiana Code § 27-11-9-4 Limits Review Under Indiana Code § 27-11 et seq.**

Aerie 3207 proposes a limited inquiry into Indiana Code § 27-11, *et seq.* to determine its eligibility for an exemption under Indiana Code § 6-1.1-10-23. Aerie 3207 contends that the court's inquiry should end in its favor once it is determined that Aerie 3207 operates for the benefit of its members by providing a benefit specified at Indiana Code § 27-11-6-1. Section 6-1(a)(1) "Death benefits" is one of the benefits which "may" be provided by a "society." Aerie 3207 cites its bylaws which call for it to pay either $150 or $300 to deceased members' beneficiaries depending upon the number of years the member paid the $30 in annual dues.[6] Aerie 3207 ignores the lack of reference to local lodges in section 6-1, but the Indiana Board conceded, "For purposes of this determination, we assume those equate to death benefits."

Again, putting aside the applicability of Indiana Code § 27-11-6-1 to subordinate lodges like Aerie 3207, the facts presented to the Indiana Board demonstrate that Aerie 3207's reliance on section 6-1 is unavailing. A contract is essential in order for a payment to a member's beneficiaries to qualify as a "benefit" under section 6-1; but not just any contract. The nature and content of the contract, referred to as a "Benefit Contract," is set forth at Indiana Code § 27-11-1-3 (1985) which, in turn, invokes Indiana Code § 27-11-6-4 for the Benefit Contract details. The Indiana Board followed the correct statutory path to conclude that if there is no Benefit Contract as defined in section 1-3 and section 6-4, there is no benefit under section 6-1. Without a contractual benefit under section 6-1, Aerie 3207 does not meet the definition of "operating for the benefit of members" under Indiana Code § 27-11-2-3 which is a threshold requirement under Indiana Code § 27-11-1-1.[7]

Aerie 3207 admits that it does not issue Benefit Contracts in accordance with art. 11 which disqualifies its payments as death benefits under section 6-1. But Aerie 3207 answers this criticism by arguing that Indiana Code § 27-11-6-4 applies only to societies licensed to sell insurance in Indiana and that Indiana Code § 27-11-9-4 exempts it from having to follow the technical requirements of art. 11 - like the requirement of a Benefit Contract.[8] Aerie 3207 ignores the disqualifying nature of the statutory chain relied upon by the Indiana Board and set forth above.

---

[6] Coincidentally, the dependents of the ten year member who dies in year eleven receive back the decedent's $300 in dues as the death benefit.

[7] This is yet another example of a statute that was drafted at a time when these organizations were often the only meaningful sources of insurance for members. Times have clearly changed.

[8] Aerie 3207 contends that the benefits requirements applicable to section 6-1 as set forth in section 6-4 are only applicable to societies "authorized to do business in this state." Aerie 3207 equates that phrase to being licensed to sell insurance products which would exclude Aerie 3207 from the section 6-4 requirements. There is no mention of licensure in section 6-4, but if Aerie 3207 is correct and exempt from regulation because it is not "authorized to do business" under article 11, then it falls completely outside Indiana Code § 27-11-1-1. It would arguably lose its claimed protection under Indiana Code § 27-11-9-4 because the latter applies to societies and lodges "doing business" providing benefits in Indiana as well.

Aerie 3207's contention that Indiana Code § 27-11-9-4 saves it from the art. 11 administrative requirements extends to those provisions which define whether an entity is a fraternal benefit association. This warrants a closer look at section 9-4.

### 1. Indiana Code § 27-11-9-4 Assumes a Hierarchical Organization.

Indiana Code § 27-11-9-4 states:

(a) Noting contained in this article (Indiana Code § 27-11) shall be so construed as to affect or apply to:

(1) grand or subordinate lodges or societies, orders, or associations doing business in Indiana that provide benefits exclusively through local or subordinate lodges;

This safe-harbor provision, if it applies to Aerie 3207, would seem to allow it to avoid any section of Indiana Code § 27-11 which it cannot meet. However, the argument is fatally circular. If *none* of art. 11 applies or affects Aerie 3207 under section 9-4, it is hard to see how Aerie 3207 can use *any* of Indiana Code § 27-11 to support its argument that it qualifies as a fraternal benefit association. When taken to its logical conclusion, section 9-4 would end the art. 11 review before it begins and, as discussed throughout this opinion, perhaps it should. But it is clear that section 9-4 does not exempt Aerie 3207 from the definitional requirements of a fraternal benefit association and/or the art. 11 requirement of a Benefit Contract at Indiana Code § 27-11-6-4.

The safe harbor language of Indiana Code § 27-11-9-4 does not apply to Aerie 3207 under the facts presented to the Indiana Board. The clear language of the section recognizes the hierarchy of fraternal benefit societies. Its language clearly anticipates transactions involving the issuance of insurance benefits between at least two levels among the hierarchy that comprise the society. Those societies or their subordinate lodges who provide benefits, "exclusively through local or subordinate lodges," need not follow the strict requirements of Indiana Code § 27-11 *et seq.*, most of which are intended to protect the beneficiaries of insurance issued by the society.

In this case, the record shows that Aerie 3207 provided its meager death allowance from the dues it collects from its own members. The meager amounts paid require no actuarial support and may indeed be paid from either a dues account or even petty cash. There is no superior lodge providing an insurance benefit through the local nor is Aerie 3207 providing benefits through a subordinate lodge, since it occupies the lowest rung on the society's ladder. The "death benefit" here begins and ends with Aerie 3207 and, therefore, does not fall under the section 9-4 safe harbor.

Aerie 3207 contends that the order or "Grand Aerie" "authorizing" local lodges to provide death benefits fills this statutory gap. But that is not what the statute says. (Brief of Appellant, p. 18). The statute limits its application to those transactions where the society "provides" the benefits through the local not where it authorizes the local to provide a benefit. Without section 9-4 relief from compliance with art. 11, Aerie 3207's argument fails because as the Indiana Board noted, it does not issue its benefits by way of Benefit Contracts as required by art. 11.

Finally, Aerie's reliance on its by-laws as the Benefit Contract is unpersuasive. Indiana Code § 27-11-6-4 sets forth the requirements for a Benefit Contract which are in addition to the by-laws of the society. Without section 9-4 protection, Aerie 3207 cannot claim that it meets the requirement of a fraternal benefit association, notwithstanding that it is not a society in the first place.

But even if section 9-4 were to be interpreted in Aerie 3207's favor, it cannot claim fraternal benefit association status for a more fundamental reason – that section would preclude Aerie 3207 from meeting the threshold requirements of Indiana Code § 27-11-1-1. While the court agrees with the Indiana Board that the Aerie 3207 death allowance is deficient under section 6-1 for lack of a Benefit Contract as described in section 6-4, one need not even reach that level of analysis (*See*, Ind. Code § 27-11-1-3).

If Aerie 3207 can rely on section 9-4, and *nothing* in art. 11 applies to it, then it is exempt from the threshold requirement of Indiana Code § 27-11-1-1 that it "provide benefits in accordance with … article (11)." Section 9-4 would preclude Aerie 3207 from qualifying as a fraternal benefit association under the very definition to which it agreed to be bound.

### 2.  **Aerie 3207 Is Not Exempt From the Sections Essential to its Case**.

In summary, Aerie 3207 cannot have it both ways; either it meets the requirements of Indiana Code § 27-11-1-1 by providing benefits in accordance with art. 11 as a fraternal benefit association or avoids doing so by way of the section 9-4 language which states that nothing in art. 11 applies or affects its activities.  Aerie 3207 chose to argue protection under section 9-4 as the basis for its failure to comply with art. 11 as required at Indiana Code § 27-11-1-1. As a result, Aerie 3207 is hoisted by its own petard; this local lodge does not meet the basic definition of fraternal benefit association because that designation is limited to societies and orders.  Even if it were to hurdle that limitation, it loses for the reason cited by the Indiana Board or because section 9-4 eliminates the applicability of Indiana Code § 27-11-1-1 requiring art. 11 compliance.

However, as discussed below in Section III, the question of whether Aerie 3207 meets the definition of a fraternal benefit association matters little since it failed to establish that its use and occupation of the subject real estate meet the test for exemption at Indiana Code § 6-1.1-10-36.3 applicable to all sections of Indiana Code § 6-1.1-10 including sections 16 and 23.

### III.   Fraternal Benefit Exemption Under Indiana Code § 6-1.1-10-23 and Indiana Code § 6-1.1-10-36.3.

Even if Aerie 3207, as a subordinate lodge to a society under Indiana Code § 27-11-1-1, could meet the definition of fraternal benefit association under art. 11, it would still not qualify for tax exempt status due to the same deficiencies established by the Indiana Board in denying its claim for exemption under Indiana Code § 6-1.1-10-16(a) described in IV, below.

Under Indiana Code § 6-1.1-10-23, the purposes for which the real estate owned by Aerie Local 3207 must be "actually occupied and exclusively used" are set forth in its organizational

documents. The extent to which it may claim exemption is then determined by reference to Indiana Code § 6-1.1-10-36.3(c)(3), which states:

> (c)     If a section of this chapter states one (1) or more purposes for which property must be used or occupied in order to qualify for an exemption, then the exemption applies as follows:…
>
> (3)     Property that is predominantly used occupied for one (1) or more of the stated purposes by a person other than a church, religious society, or not-for–profit school is exempt under that section from property tax on the part of the assessment of the property that bears the same proportion to the total assessment of the property as the amount of time the property was used or occupied for one (1) or more of the stated purposes during the year that ends on the assessment date of the property bears to the amount of time the property was used or occupied for any purpose during that year.

The test for exempt status under Indiana Code § 6-1.1-10-23 and Indiana Code § 6-1.1-10-16(a) are the same because both are sections in chapter 10 to which the language in Indiana Code § 6-1.1-10-36.3 applies. Aerie 3207 contends, "The record is replete with evidence of social, charitable, fraternal, and patriotic purposes for benefit of its members and others." (Brief of Appellant, p. 16, f. 14). Aerie 3207's evidence of the activities which support its use of the property in compliance with its organizational statement incorporates the charitable uses it claims support its request for a charitable exemption under section 16(a).

Regardless, both suffer the same statutory infirmity explained by this court in compelling fashion in *Fraternal Order of Eagles, #3988*, 5 N.E.3d at 1197-98. The Indiana Board noted the court's skepticism over the charitable nature of the activities listed by #3988 which create the same concerns here. But as noted by the Indiana Board, Aerie 3207's failure to present time logs, facility usage reports or other evidence from which to make a determination under Indiana Code § 6-1.1-10-36.3(c) for its charitable exemption case, set forth in the court's analysis in Section IV, below, is equally applicable to Aerie 3207's section 23 request. The Indiana Board concluded that the use of the Lodge areas subject to the request for tax exempt status was not adequately documented by Aerie 3207. Therefore, even if Aerie 3207 had prevailed in its case for designation as a fraternal benefit association, its failure to provide the required comparison between exempt and non-exempt use precludes the overturning of the Indiana Board's Final Determination.

## IV.     The Charitable Purposes Exemption Under Indiana Code § 6-1.1-10-16(a).

Indiana Code § 6-1.1-10-16 provides, "[a]ll or part of a building is exempt from property taxation if it is owned, occupied, and used by a person for ... charitable purposes." Ind. Code § 6-1.1-10-16(a). "The exemption generally extends to the land on which an exempt building is situated and the personal property that is contained within." *Fraternal Order of Eagles # 3988, Inc.*, 5 N.E.3d at 1201; *See also* I.C. § 6–1.1–10–16(c), (e). A charitable purpose will generally be found to exist if: (1) there is evidence of relief of human want manifested by obviously charitable acts different from the everyday purposes and activities of man in general; and (2)

there is an expectation that a benefit will inure to the general public sufficient to justify the loss of tax revenue. *College Corner, L.P. v. Department of Local Government Finance,* 840 N.E.2d 905, 908 (Ind. Tax Ct. 2006).

To qualify for a charitable purposes exemption under Indiana Code § 6-1.1-10-16, a taxpayer must prove that it owns, occupies and either exclusively or predominately uses its property for charitable purposes. *Fraternal Order of Eagles # 3988, Inc.*, 5 N.E.3d at 1201. *See,* Ind. Code § 6-1.1-10-36.3. Here, Aerie 3207 argues it is entitled to a charitable purpose exemption for all but a third of its lodge. The Indiana Board disagreed, holding that Aerie 3207 failed to establish a prima facie case that it was entitled to an exemption under Section 16(a).

Prior to the creation of this court, the Court of Appeals made clear that the "General Assembly, however, has not expressly declared in any statute that property owned, occupied, and exclusively used by a fraternal organization is *ipso facto* used for a charitable purpose and thus exempt." *See Fraternal Order of Eagles No. 3988, Inc.*, 5 N.E.3d at 1202 (citing *Indianapolis Elks Bldg. Corp. v. State Bd. of Tax Comm'rs,* 145 Ind. App. 522, 251 N.E.2d 673, 681 (Ind. Ct. App. 1969); *see also* I.C. § 6–1.1–10–16(a)). Therefore, Aerie 3207 needed to establish that its property was predominately or exclusively used for a charitable purpose, which it failed to do. The *Eagles #3988* decision is instructive in other key respects, especially concerning the need for time usage reports. *Fraternal Order of Eagles No. 3988, Inc.*, 5 N.E.3d at 1202.

The evidence contained in the Certified Administrative Record reveals that Aerie 3207 used its property for a variety of social and recreational purposes including, but not limited to, gambling, drinking, dancing, various tournaments, picnics and general relaxation) and for charitable purposes including fundraisers and donations. Aerie rented its property for weddings and social events. Aerie also donated its property for use by local organizations such as the Chamber of Commerce. Yet, there is nothing in the record to indicate that the use of the property by groups like the Chamber meets the purpose underlying the organization of Aerie 3207. And, Aerie 3207 does not allege that it reviews the charters of the groups it allows to use its property to determine compatibility with its own charter.

The court reminds that Aerie 3207 has the burden of proof in this matter yet it did not provide the Indiana Board with any comparison of the time its property was used for exempt versus non-exempt purposes. Aerie 3207's "failure to provide this comparison was fatal to its claim for either a full or a partial exemption." *See Fraternal Order of Eagles No. 3988, Inc.,* 5 N.E.3d at 1202; *see also Hamilton County Assessor v. Duke*, 69 N.E.3d 567, 571 (Ind. Tax Ct. 2017) (taxpayer failed to meet its burden under the predominant use test by failing to present a log of the time the facility was used for exempt purposes versus total time used). Additionally, Aerie 3207 failed to establish that the activities that it claimed were charitable satisfied the common law definition by relieving human want.

Use of Aerie 3207's property for fraternal purposes, socialization purposes, gambling, drinking, and charity events does not establish that the local lodge owns, actually occupies and exclusively or predominantly uses its property for either fraternal or charitable purposes. The Indiana Board's determination that the lodge failed to make a *prima facie* case that its property was exclusively or predominantly used for charitable purposes was neither contrary to law nor unsupported by substantial evidence. Given the failure to present evidence

demonstrating the comparison of exempt to non-exempt use, Indiana Code § 6-1.1-10-36.3 is fatal to both exemption claims.

## V. Holding of the Court.

The court does not discount the importance of the activity undertaken by entities like Aerie 3207. Such activity is laudable and deserves recognition. Strong communities rely on both charitable organizations and taxpaying entities. The fact that Aerie 3207 falls into the latter category by no means diminishes its importance to its community. While Aerie 3207 may take small consolation in a ruling requiring tax participation, the court acknowledges its civic contributions including those made to local governmental units.

The court holds that:

A. Indiana Code § 27-11-1-1 applies to societies, order or supreme lodges not to subordinate lodges like Aerie 3207. Therefore, Aerie 3207 is not a fraternal benefit association under that article.

B. Aerie 3207 does not provide a benefit through another subordinate lodge and is not exempt from the provisions of Indiana Code § 27-11 *et seq.* by virtue of Indiana Code § 27-11-9-4.

C. In order to meet the definition of a fraternal benefit association under Indiana Code § 27-11-1-1, Aerie 3207 was required to demonstrate that it operated for the benefit of its members and beneficiaries as set forth in Indiana Code §§ 27-11-2-3, 6-1 and 6-4.

D. Aerie 3207 failed to present evidence under Indiana Code § 6-1.1-10-36.3 to determine the extent to which an exemption might apply under either Indiana Code § 6-1.1-10-23 or Indiana Code § 6-1.1-10-16(a).

E. Aerie 3207 failed to meet its burden of proof that its property was exclusively or predominantly used for charitable or fraternal purposes under Indiana Code § 6-1.1-10-16(a) or Indiana Code § 6-1.1-10-23, respectively.

F. The Indiana Board's decision was neither contrary to law nor unsupported by substantial evidence.

**CONCLUSION**

For the above-stated reasons, the Indiana Tax Court AFFIRMS the final determination of the Indiana Board.

MARK E. GIAQUINTA, Special Judge
Indiana Tax Court

Distribution:
Curtis T. Hill, Jr., Esq.
Winston Lin, Esq.
William W. Barrett, Esq.